## EVERETT *v.* GOODING.

PRACTICE.—*Substituted Papers.*—*Clerk.* — Authority to order or allow the filing of substituted papers belongs, not to the clerk, but to the court.

SAME.—*Bill of Exceptions.*—When a bill of exceptions is filed as a substitute for one for the filing of which time beyond the term was given, it should appear that the original was filed within the time allowed.

BILL OF EXCEPTIONS.—*Oral Evidence.*—*Clerk.*—After a bill of exceptions has been signed, oral evidence cannot be inserted therein by the clerk, in places wherein he is directed to insert it.

From the Hancock Circuit Court.

*R. A. Riley, H. J. Dunbar, W. March, ·J. W. Gordon* and *R. N. Lamb,* for appellant.

*N. B. Taylor, F. Rand, E. Taylor, M. M. Ray, G. H. Voss, B. F. Davis* and *J. A. Holman,* for appellee.

DOWNEY, C. J.—Action by the appellant against David S. Gooding and Frances M. Gooding, for materials furnished and work performed in the erection of a dwelling-house. After issues formed and before trial, the action was dismissed as to Frances M. Gooding. Issues having been formed, there was a trial by jury, and a verdict for the defendant. A motion by the plaintiff for a new trial was overruled, and there was final judgment for the defendant.

But one error is properly assigned, and that is the overruling of the motion for a new trial. When the motion for a new trial was overruled and judgment rendered, on the 4th day of March, 1871, time was given in which to file the bill of exceptions until the first Monday of June, 1871. The record does not show that any bill of exceptions was ever filed, but it does show that on the 13th day of November, 1874, what is denominated a substituted bill of exceptions was filed in the clerk's office.

The questions presented in the motion for a new trial and argued by counsel for appellant all depend upon the bill of exceptions. We think it quite clear that the bill of exceptions cannot be regarded as in the record. The clerk has no authority to order or allow the filing of substituted

papers. That must be done by the court. Had the substituted bill of exceptions been filed by the leave and order of the court, it still seems to us that it should appear that the original was filed within the time allowed. The bill of exceptions which is copied in the record is imperfect. The evidence, which was oral, was not copied into the bill of exceptions before it was signed, but places were left where the clerk was directed to insert it. This cannot be done. Buskirk's Prac. 153, and authorities cited.

There is no question in the record for our decision.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.