STATE of Indiana, Appellant
(Plaintiff Below),

v.

Robert M. HARDMAN, Appellee
(Defendant Below).

No. 83A04–8901–CR–5.

Court of Appeals of Indiana,
Fourth District.

Aug. 15, 1989.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellant.

Malcolm H. Aukerman, Newport, for appellee.

CHEZEM, Presiding Judge.

### Statement of the Case

The State of Indiana appeals the trial court's sua sponte order dismissing the speeding charge against the defendant, Robert M. Hardman.

We affirm.

### Issue

Whether the trial court erred when it dismissed a traffic charge based on the State's failure to request leave of court and failure to give the defendant notice when the traffic ticket was notarized after the ticket had been filed with the clerk of the court but before the trial commenced?

### Facts

On July 17, 1987, Trooper Michael Capicik issued a speeding ticket to the defendant, Robert Hardman, and in addition, charged the defendant with driving while suspended, driving while intoxicated, and refusing a breath test.

At the scene, Capicik completed a uniform traffic ticket for speeding and signed it where indicated. Capicik gave Hardman a copy of the ticket at the scene.

The probable cause affidavit and copies of the tickets were given to the clerk by someone other than Capicik on or before July 21, 1987. The speeding ticket remained in ticket form, i.e., it was not reformulated into a long-form information.

Because Capicik had not personally filed the speeding ticket with the clerk, the notarization or jurat was not filled out and remained blank until the day of trial.

The trial was scheduled to begin on December 7, 1987, a Monday. On the previous Friday, the prosecuting attorney's office informed Capicik that he would need to acknowledge his signature on the ticket in order for the clerk to notarize it. This was done around 8:15 a.m., the day of trial.

The notarized ticket bears the date November 7, 1987, not December 7, 1987, which is the day Capicik testified that he acknowledged the signature and the clerk notarized it.

After opening statements, the defense filed a renewed motion to dismiss charges. After the prosecutor, Mr. Thomas, mentioned the traffic ticket had a jurat attached (which had been notarized by the court clerk), the defense stated that the jurat was not there "this morning."

The judge then asked Mr. Thomas, "When was [the jurat] put on [the ticket]?" Mr. Thomas, stated, "I believe she shows the date on here, does she not." Court's response: "No. It wasn't there Saturday. It wasn't there Saturday." Then, Mr. Thomas responded, "She's got the wrong month shown on there. It's December instead of November." The judge then dismissed the speeding charge.

The order book entry dated December 7, 1987 does not reflect that the court heard argument on the motion to dismiss charges, which the defendant renewed after the opening statements, and subsequently dismissed the speeding ticket. However, an entry dated December 30, 1987 does reflect that the court made a *nunc pro tunc* entry (but not a *nunc pro tunc* order)[1] to show its sua sponte dismissal of the speeding ticket. The transcript of the proceedings shows that the court dismissed only the speeding ticket and not all of the charges, as the defendant's motion to dismiss charges requested. The transcript and the entry indicate that the judge sua sponte dismissed the speeding ticket.

### Discussion

IND.CODE 9-4-1-127.1(b) defines a violation of I.C. 9-4-1-57(b)(2) as a Class C infraction. The action is civil in nature, therefore Indiana Rules of Trial Procedure apply. I.C. 34-4-32-1(c)(1); *Terpstra v. State* (1988), Ind.App., 529 N.E.2d 839, 841, *reh. den.* Dec. 15, 1988.

In certain situations, a judge may dismiss a civil action sua sponte, as Judge Darnell did here. Even though the judge did not specify on which rule he predicated his dismissal, we find authority for the dismissal in the Ind.Rules of Procedure, Trial Rule 41(E), which states, "[w]henever there has been a failure to comply with [the trial] rules ..., the court, on motion of a party or on its own motion shall order a hearing for the purposing of dismissing such case." In the instant case, either a motion by the court or by a party to dismiss is applicable. Hardman made a motion to dismiss the traffic charge, and before the judge stated his ruling on the motion, he dismissed the charge. Without so stating, the judge's dismissal of the charge could be seen as a de facto ruling on the 41(E) motion, or the judge may have merely made the dismissal on "its own motion," as also allowed by T.R. 41(E). Either way, the mandatory hearing occurred between the opening arguments and the dismissal, even though the record may not specifically refer to this exchange as such. Both parties were questioned regarding the relevant issues and allowed to respond.

In order to prevail in this appeal, the State must establish that the prosecutor did not fail to comply with the trial rules when the arresting officer attested to the filed traffic ticket signature with the court clerk as the witness without leave of court or notice to the defendant.

The traffic ticket, which could serve as the information in a criminal trial, served as the civil complaint here. Once a complaint has been filed, the proper method to change it is through a motion to amend, with leave of court, or by written consent of the adverse party. *See* T.R. 15(A). The prosecutor failed to do this. Instead, he had the officer alter the complaint in the presence of the court clerk, without notice to the judge or Hardman. Thus, the prosecution failed to comply with T.R. 15(A) and the judge had an adequate basis on which to dismiss the complaint.

---

1. The order book entry on December 30, 1987 states: "Court makes Nuc [sic] Pro Tunc entry in this cause showing the 'sua sponte' action taken by the court and the dismissal of the speeding charge."

The record reflects that the date on the jurat was incorrect, indicating that the ticket had been attested to one month earlier than it had. If the prosecutor had amended the complaint through proper procedure to include the jurat, the incorrect date could have been changed, also, through a motion to amend the complaint. The proper procedure requires permission of the court for such changes. The clerk could not have properly made either change on her own initiative. *See Everett v. Gooding* (1876), 53 Ind. 72. But, because the prosecution chose to alter the ticket without notification to the defendant or permission of the court, the errant date merely casts a dark shadow on an already questionable event.

The integrity of the court's files and records would be at risk if any party could alter such records, once filed with the court, without permission of the court. The validity of the system of notice pleading would also be impaired because the other parties would not receive notice of changes that may completely alter their case.

For all of the reasons above, we affirm the trial court's dismissal of the speeding charge.

MILLER, J., concur.

RATLIFF, C.J., concurs in result.