**Phillip KIRTS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 04A03–9707–IF–233.**

Court of Appeals of Indiana.

Dec. 23, 1997.

Linda L. Cory, Heide Sandy Deets & Kennedy, Lafayette, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Phillip Kirts appeals his conviction for speeding following a jury trial, a Class C Infraction. IND. CODE § 9–21–5–2 (1993) and IND. CODE § 9–21–5–13 (1993). At the close of the State's case in chief, Kirts moved to dismiss the complaint because the speeding ticket did not contain the signature of the court clerk, attesting that the police officer issuing the ticket had sworn to it in the clerk's presence, as required by statute. IND. CODE § 9–30–3–6 (1993). The trial court denied Kirts' motion to dismiss, and the sole issue Kirts presents for review is whether the complaint should have been dismissed due to the absence of the statutorily mandated signature.

We affirm.

No Indiana cases specifically address the proper time to contest a defective charging instrument in a prosecution for a traffic infraction, but the timing of challenges to flawed charging instruments has been addressed in other contexts. *See e.g. Bowling v. State,* 248 Ind. 663, 230 N.E.2d 439 (1967); *Gilley v. State,* 227 Ind. 701, 88 N.E.2d 759 (1949); *Jennings v. Davis,* 645 N.E.2d 23 (Ind.Ct.App.1995); *Wine v. State,* 637 N.E.2d 1369 (Ind.Ct.App.1994), *trans. denied; Thurman v. State,* 162 Ind.App. 267, 319 N.E.2d 151 (1974), *trans. denied; McGowan v. State,* 156 Ind.App. 344, 296 N.E.2d 667 (1973), *trans. denied.* The rule that has developed is that a motion to dismiss a flawed charging instrument must be raised prior to trial or the error is waived. *Thurman,* 319 N.E.2d at 155. The rationale for this rule is to give the prosecution an opportunity to amend the charging instrument before trial so that the "expense and time-consuming efforts in a trial will thus not be lost." *Id* (internal quotations omitted). Courts have further considered whether the accused was prejudiced in defending himself due to the challenged defect. *Id.* The reasons supporting this rule apply equally to a prosecution for a traffic infraction.

In this case, Kirts did not object to the charging document until after the State had concluded its case-in-chief. Kirts argued at trial and in his appellate brief that he did not want to file a motion to dismiss charges prior to the close of the State's case-in-chief because he did not want the State to have the chance to amend the complaint. However, the rule requiring prompt objection to de-

fects in the complaint is for the specific purpose of avoiding the waste of having to twice bring a case to trial because the defendant delays his objection until it is too late to reform the complaint. A prompt objection by Kirts would have enabled the State to correct the defect before trial through a motion to amend under Ind. Trial Rule 15. *State v. Hardman*, 542 N.E.2d 230 (Ind.Ct. App.1989), *trans. denied.*

Nor was Kirts prejudiced by the missing signature. The record reveals that Kirts was not in any way misled as to the nature of the offense charged. It appears clearly from the ticket that Kirts was charged with driving 71 miles per hour in a 55 mile per hour speed zone at 10:15 a.m. on Thursday, August 29, 1996, while traveling south bound on U.S. 41 in Benton County, Indiana. Kirts testified in detail about the traffic stop and issuance of the ticket by Trooper Kendall. Too, Kirts cross-examined Trooper Kendall as to the certification and calibration of his radar detector. Finally, Kirts presented evidence impeaching Trooper Kendall's credibility through the testimony of co-workers who had also been stopped by Trooper Kendall on August 29, 1996, and who demonstrated inconsistencies in the reports filed by Trooper Kendall. Kirts's own testimony, along with the defense he prepared, make clear that he was well apprised of the charge against him and that he was not prejudiced by the absence of the statutorily required signature.

■ We adopt for application to a prosecution for a traffic infraction the general rule that an error in the charging instrument must be raised before trial or it is waived. Kirts did not object to the missing signature before trial, and he was not prejudiced by this formal defect. Therefore, his conviction is affirmed.

Affirmed.

DARDEN, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. Typically, this Court's analysis of traffic infractions notes that infractions are no longer criminal in nature. However, questions regarding the sufficiency of the complaint are often explored within a criminal rather than civil framework. *See e.g. Ford v. State*, 650 N.E.2d 737, 739 (Ind.Ct.App.1995); *Terpstra v. State*, 529 N.E.2d 839, 841–842 (Ind.Ct. App.1988); *but see State v. Hardman*, 542 N.E.2d 230, 231–232 (Ind.Ct.App.1989) (inquiry based upon civil trial rules). Notwithstanding any controversy whether a traffic infraction can have criminal ramifications based upon punitive consequences, *see State v. Hurst*, 688 N.E.2d 402, 405–06 (Ind.1997) (to determine civil or criminal nature look to legislative intent then remedial or punitive nature) unlike purely civil cases, traffic infractions are creatures of statute. The State cannot sue a member of the public for a traffic infraction which is not specifically proscribed by statute.

The legislature has prescribed a form complaint to "charge" the alleged infractor. IND. CODE § 9–30–3–6 (1993 Ed.). The statutory form requires a signature by the deputy clerk. Within the concurring in result opinion in *Ford*, Justice Sullivan noted:

> the statute requires that the police officer's signature be subscribed and sworn to by the clerk or a deputy clerk. In this sense it would appear that the absence of a deputy clerk's jurat subjects the Uniform Traffic Ticket to attack but appellant here has not made an attack upon that basis.

*Ford*, 650 N.E.2d at 740.

In *Hardman*, this Court upheld the trial court's sua sponte dismissal of a traffic infraction based upon the improper attestation by the deputy clerk. *Hardman*, 542 N.E.2d at 231–232. The defendant was issued a Uniform Traffic Ticket [UTT] signed by the officer at the scene. Months later on the day of trial, the officer acknowledged his signature whereupon the deputy clerk notarized and dated the UTT. At trial, the defendant renewed his motion for dismissal after opening statements. Upon inquiry by the court, it was determined that the deputy clerk's jurat was incorrectly dated. The trial court

dismissed the speeding ticket.[1]

This Court analyzed the dismissal employing the civil rules of trial procedure.

> Once a complaint has been filed, the proper method to change it is through a motion to amend, with leave of court, or by written consent of the adverse party. *See* T.R. 15(A). The prosecutor failed to do this. Instead, he had the officer alter the complaint in the presence of the court clerk, without notice to the judge or Hardman. Thus, the prosecution failed to comply with T.R. 15(A) and the judge had an adequate basis on which to dismiss the complaint.

*Id.* at 231.

In the present case, the prosecutor made no attempt to comply with the dictates of T.R. 15(A) to amend the complaint. The deputy clerk's attestation is a statutory requirement. The majority opinion relies upon the procedure for amending a criminal information rather than the framework for a civil action. If a traffic infraction is a civil matter, the investigation outlined in *Hardman* is appropriate. Accordingly, the request for dismissal based upon the infirmity was well taken. I would vote to reverse.

---

1. Dismissal was appropriate pursuant to Ind.Trial Rule 41(E). *Id.* at 231.