**Joseph HAWKINS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 49S00–8606–CR–617.

Supreme Court of Indiana.

Nov. 10, 1987.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson–Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

In this direct appeal, defendant Joseph Hawkins challenges the sufficiency of evidence in his conviction of robbery as a class A felony.

When robbery results in bodily injury, it is a class B felony. If the result is *"serious* bodily injury", the robbery is a class A felony. Defendant claims that the evidence was insufficient to prove that the victim's bodily injury was *"serious."*

Under the applicable and well-established standard of review, *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105, we find the judgment supported by evidence that the 67–year-old victim suffered a broken arm and a badly bruised wrist as a result of the robbery, which injuries resulted in loss of use of her hand for two and one-half months, significant pain for over seven months, and residual soreness. Pursuant to Ind. Code § 35–41–1–25, bodily injury which causes extreme pain, or protracted loss or impairment of the function of a bodily member, is sufficient to constitute the "serious bodily injury" element for class A robbery.

We find that there was substantial probative evidence from which the court could reasonably determine the element of "serious bodily injury" beyond a reasonable doubt.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.