**Johnny KELLY, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 45S00–8812–CR–1034.

Supreme Court of Indiana.

Nov. 1, 1990.

Marce Gonzalez, Jr., Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Johnny Kelly was convicted of attempted theft and found to be a habitual offender. His appeal presents the following issues: (1) denial of his motion for mistrial; and (2) admissibility of official record copies with photocopied certificate of authentication.

### 1. Motion For Mistrial

■ The defendant claims that the trial court erred in denying his motion for a mistrial after the jury returned a verdict of guilty of theft, when he had been charged only with attempted theft. When the jury returned the erroneous verdict, the trial judge assumed the responsibility therefor, stating to the jury that he had erred in sending the wrong verdict form when they began their deliberations. He then properly instructed the jury and returned them to the jury room with the proper form.

■ The defendant argues that because the jury already had found him guilty of theft it was a foregone conclusion that they would find him guilty of attempted theft. When a jury verdict is defective, it is proper for the trial judge to refuse to accept the verdict and to return the jury to the jury room for further deliberation in order that a proper verdict may be rendered. *Hodges v. State* (1988), Ind., 524 N.E.2d 774.

■ The granting of a mistrial is within the sound discretion of the trial court. *Vanway v. State* (1989), Ind., 541 N.E.2d 523. A mistrial is an extreme remedy warranted only when a defendant is placed in a position of grave peril to which he should not have been subjected. *Underwood v. State* (1989), Ind., 535 N.E.2d 507, *cert. denied,* — U.S. —, 110 S.Ct. 257, 107 L.Ed.2d 206. We do not find an abuse of discretion in the trial court's denial of the motion for mistrial.

### 2. Photocopy Certification

Defendant contends that the trial court erred during the habitual offender stage of the proceeding by admitting State's Exhibit 2, documents purporting to be copies of official records of the State of Ohio offered to establish a prior felony conviction. The defendant maintained at trial and on appeal that these copies are inadmissible because the attached certification of authenticity was itself a photocopy of the original.

The State contends that pursuant to Ind. Code § 34-1-18-7 and Ind.Trial Rule 44(A)(1) the Ohio document copies were admissible.

Ind.Code § 34-1-18-7 provides:
The records and judicial proceedings of the several courts of record, of or within the United States or the territories thereof shall be admitted in the courts within

this state as evidence, by attestation or certificate of the clerk or prothonotary, and the seal of the court annexed, together with the seal of the chief justice or one or more of the judges, or the presiding magistrate of any such court, that the person who signed the attestation or certificate was, at the time of subscribing it, the clerk or prothonotary of the court, and that the attestation is in due form of law; and the records and judicial proceedings, authenticated as aforesaid, shall have full faith and credit given to them in any court within this state, as by law or usage they have in the courts whence taken.

Specifying the required manner of proof of an official record, T.R. 44 provides in relevant part:

(A) Authentication.

(1) *Domestic.* An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

  \*   \*   \*   \*   \*   \*

(C) *Other Proof.* This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law.

█ With respect to the admissibility of copies of official record, it is clear that public records cannot be placed in evidence merely upon a party's offering a copy and claiming it to be an accurate copy of the original. In *Mott v. State* (1989), Ind., 547 N.E.2d 261, 264, we observed:

> The purpose of the authentication provisions set out in the statute and the trial rule is to ensure that foreign documents offered as evidence in the courts of this state are what they purport to be so as to protect against the admission of fabrications.

However, in *Mott,* the copy was held admissible because the official in charge of the retention and maintenance of the court documents personally appeared and testified as to their authenticity. The lack of a judicial certification of the clerk's status and the lack of judicial certification that the attestation was in due form of law, as required by the statute, are not strictly required for admissibility if the copy is properly certified in compliance with T.R. 44. *Mayes v. State* (1984), Ind., 467 N.E.2d 1189, 1195.

█ Indiana's T.R. 44(A) is identical with Rule 44(a) of the Federal Rules of Civil Procedure, except that the Indiana rule dispensed with the necessity of authenticating of the authority of the keeper of domestic records. 3 W. Harvey, *Indiana Practice* 233 (1988). Under the federal rule, a photostatic duplicate of a certification authenticating document copies does not provide certification necessary for proper authentication, and the document copies are not admissible. *Yung Jin Teung v. Dulles* (2d Cir.1956), 229 F.2d 244.

Rule 1005 of the Federal Rules of Evidence expressly authorizes the admissibility of copies of public records, if certified in accordance with Fed.R.Evid. 902. This rule requires that the document be certified as correct by its custodian or other authorized officer, and that his signature bears certification that the signer has official capacity and that the signature is genuine.

Thus, while copies of public records can themselves be admissible if their authenticity is properly certified, the certifications themselves do not constitute public records and photocopies are not acceptable.

Citing *Owensby v. State* (1984), Ind., 467 N.E.2d 702, *Leavell v. State* (1983), Ind., 455 N.E.2d 1110, and *Brandon v. State* (1979), 272 Ind. 92, 396 N.E.2d 365, the State argues that the copies were admissible because the defendant raised no issue as to the authenticity of the originals.

In *Owensby*, this Court approved the admission of photocopies of waivers of rights forms over the defendant's sole objection that originals were available and copies were not the best evidence. In *Leavell*, this Court cited the lack of a genuine issue raised as to authenticity of the original and the business records exception in Ind.Code § 34-3-15-1 to allow the admission of photocopies of a waiver of rights form notwithstanding defendant's objection asserting the best evidence rule.

The relevant issue in *Brandon* was the admissibility of the telephone company business office copies of microfiche records showing long distance calls charged to a certain number. The defendant objected, arguing they were copies rather than originals or first permanent entries. Finding the business records exception to be "sufficiently broad to include within its scope a system of keeping records stored on a computer and electronically printed out on demand," the *Brandon* court held that because the evidence demonstrated that the electronic computing equipment was standard, the entries made in the regular course of business at or reasonably near the time of the event recorded, and that the sources of information and method and time of preparation were sufficient to indicate its authenticity, accuracy, and trustworthiness, the admission of the business office copy of the customer's telephone bill was admissible. It was in its discussion of the development of the rules of evidence governing the admission of business records that the *Brandon* court observed:

It has already been clearly established in this state that a duplicate of a document is admissible in evidence "to the same extent as an original unless a genuine issue is raised as to the authenticity of the original, or under the circumstances existing it would be unfair to admit the duplicate as an original." *Wilson v. State* (1976), 169 Ind.App. 297, 348 N.E.2d 90, 95.

396 N.E.2d at 370. This approach is reflected in Fed.R.Evid. 1003, which permits the admission of duplicates if no genuine issue is raised "as to the authenticity of the original."

When the State moved to introduce Exhibit No. 2, purported to be copies of various Ohio documents including an indictment, a judgment, and other writings referring to a conviction in Ohio of one Johnny Kelly, the defense vigorously objected, asserting that the copies were not certified. The defendant's objection continued that the purported certification was a mere copy, and failed to contain any original signatures, seal, or certification. He argued that absent proper certification, the documents could not be introduced without personal identifying testimony of the proper custodian of the documents. Record at 355. Defense counsel argued, "[i]f we're not going to have the original and we're not going to have the custodian here, at least the certification has to have integrity and not be a xerox." Record at 360. The trial court overruled the objection, stating "I'm going to admit them and see what happens or maybe I will grant a Motion to Correct Errors." Record at 361. Defendant's Motion to Correct Errors specifically complained of the admission of State's Exhibit No. 2, alleging it to be erroneous for lack of proper certification because the entire exhibit was a reproduced copy without any original certification or signatures. Record at 2. Finally, during its argument in support of the Motion to Correct Errors before the trial court, the defense vigorously claimed error. After considerable argument of counsel on the motion, the trial court acknowledged the issue as having been fully raised:

I think it's a good issue. I can not find anything in my research concerning the Habitual Offender trials as to whether this has ever been done or whether the issue has ever been addressed by a court. The issue being can the certification itself of other exhibits be a photocopy as the exhibits themselves may be photocop-

ies.... There is an issue of whether the certification that these other exhibits are true and accurate copies can be a photocopy itself. And I can't find any specific law on it.

Record at 397–398.

To the extent that prior Indiana case law and Fed.R.Evid. 1003 may permit the admissibility of a copy or duplicate when a genuine question is not raised as to the authenticity of the original, defense counsel's objections and argument to the trial court were satisfactory to preclude admissibility.

■ The contents of exhibits purporting to reflect official records can significantly affect trial results. Here a person's liberty for 30 years is at stake.[1] Considering the possibility of undetected mistake or inadvertence, the law of evidence wisely favors the enhanced assurance of accuracy, reliability, and integrity of such exhibits that is provided by the requirement of an individualized original certification of authenticity. The resulting burden upon the proponent is minimal. Our failure to insist upon such original certificate would invite at least carelessness and at worst deceitfulness in the marshalling of evidence with a resulting lack of reliability of judgments and the possibility of substantial injustice.

We conclude that the State's Exhibit No. 2 was improperly admitted. The habitual offender determination should be reversed. In all other respects the trial court is affirmed. This cause is remanded for a new trial upon the habitual offender determination.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with separate opinion in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion as to their holding that a photocopy of a certificate of authentication is not sufficient. The majority sees a difference between photocopies of the official records and a photocopy of the certification of authenticity. Both this Court and the Court of Appeals have held that a duplicate of a document is admissible in evidence to the same extent as an original unless there is a genuine issue as to the authenticity of the original. *Brandon v. State* (1979), 272 Ind. 92, 396 N.E.2d 365; *Wilson v. State* (1976), 169 Ind.App. 297, 348 N.E.2d 90.

Although appellant vigorously objected to the admission of the exhibits because of the photocopy of the authenticating certificate, he did not question the authenticity of the original certificate nor did he question the authenticity of the court records which were authenticated by the photocopied certificate.

I see no justification for the making of a separate rule for a certificate of authentication than is applicable to the court records. The photocopies available in this record clearly show that they are copies of certificates duly executed by the proper Ohio authorities. There is nothing in the record or in the briefs of appellant in this case that suggest that an obtaining of original certificates from the Ohio authorities will in any way change this case.

I see no justification for the use of judicial time and taxpayer's funds for a new trial when there is no indication of a likelihood of a different result. I would affirm the trial court.

PIVARNIK, J., concurs.

---

1. In habitual offender determinations, this Court has already recognized "the monumental interest of society in the maintenance of accurate and reliable evidence" to discourage reliance upon parol evidence standing alone as sufficient evidence of prior convictions. *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, 1090, quoted in *Washington v. State* (1982), Ind., 441 N.E.2d 1355, 1359, and *Davis v. State* (1986), Ind., 493 N.E.2d 167, 168–169.