Nathan **MINNIEFIELD**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 45A03–9003–CR–367.

Court of Appeals of Indiana, Third District.

April 18, 1991.

Marce Gonzalez, Jr., Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Nathan Minniefield appeals his conviction for robbery,[1] a Class A felony,[2] raising the following two issues for our review:

I. Whether the trial court erred in denying him bail on his charge of robbery, a Class A felony.

II. Whether there was sufficient evidence on the element of "serious bodily injury" to sustain his conviction for robbery, a Class A felony.

We affirm.

## I.

### Bail

■ Minniefield first contends that the trial court erred in ordering him held without bail, arguing that it infringes upon his federal and state constitutional right to bail. He concedes, however, that the best course would have been to directly appeal the ruling, rather than wait until he was convicted and sentenced. He is correct. Since Minniefield has been subsequently convicted and sentenced, the issue is moot. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1294 at n. 1 *reh'g denied; Music v. State* (1986), Ind., 489 N.E.2d 949, 951. Nonetheless, Minniefield urges us to address this issue to settle the question of whether there is a constitutional right to bail. We decline. We do not issue advisory opinions. *Matter of Estate of Rawlings* (1983), Ind.App., 451 N.E.2d 1121, 1122.

## II.

### Sufficiency of the Evidence

■ In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We look to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 16.

Minniefield challenges the sufficiency of the evidence on only one element of the crime—"serious bodily injury." Robbery is normally a Class C felony; however, it may be enhanced to a Class A felony, as it was here, if it results in serious bodily injury to a person other than a defendant. IC 35–42–5–1.

After Michael Guiden, the victim, parked his car in a tavern parking lot, he was confronted by Minniefield and Calvin Hill. They took Guiden's wallet and other belongings and forced him into the back seat of the car.[3] Then, they started the car and began to drive away. As they proceeded down the street at a speed of 15–20 miles per hour, Guiden was able to jump out onto the street and call the authorities from a nearby tavern. After a high-speed chase, Hill and Minniefield were apprehended.

Guiden testified that when he jumped from the car, he hit the pavement with the right side of his body. He felt pain when he landed, felt his leg twist, and began rolling, injuring his right knee and the right side of his body. He hobbled to the tavern to call the police. Later, he was transported by ambulance to St. Margaret's Hospital, where doctors treated him for several lacerations or abrasions, placed an immobilizing splint on his leg, and issued him crutches. Guiden was also prescribed pain pills, and he indicated that his leg hurt "very much" and "real bad" after it was injured.

The splint remained on his leg for five weeks. For four of the five weeks, he continued to walk with the crutches and was unable to work. For two months, he remained under a doctor's care. In addi-

---

1. Minniefield was convicted upon retrial after reversal of his previous conviction by our supreme court. *Minniefield v. State* (1989), Ind., 539 N.E.2d 464, *reh. denied.*

2. IND.CODE 35–42–5–1 (Supp.1990).

3. A more extensive version of the facts appears in *Minniefield, supra.*

tion, photographs were admitted in evidence showing Guiden's injuries. One photograph showed his leg with the splint taken off, and another photograph showed a large, deep bruise on his side.

Minniefield argues that such evidence is insufficient to establish "serious bodily injury" within the meaning of IC 35–42–5–1.[4] "Serious bodily injury" is defined by statute:

> "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ.

IC 35–41–1–25. Cases interpreting this statute and the current robbery statute have held that there was sufficient evidence to sustain a finding of serious bodily injury in similar situations. *Schweitzer v. State* (1990), Ind., 552 N.E.2d 454, 458 (bullet struck victim in arm, she testified that she never before had been so painfully injured); *Hawkins v. State* (1987), Ind., 514 N.E.2d 1255, 1256 (victim suffered broken arm, bruised wrist, resulting in loss of use of arm for two and one-half months and residual pain for seven months); *McGee v. State* (1986), Ind., 495 N.E.2d 537, 539 (victim suffered laceration requiring seventeen stitches, black eye, unconsciousness, extreme pain, and disfigurement); *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1264, *reh'g denied* (victim sustained two severe knife wounds requiring stitches). We do not find that the injuries in the present case differ substantially in kind and extent from those in the cases enumerated above. Moreover, we have noted that whether bodily injury is "serious" is a question of degree and therefore is reserved for the fact-

finder. *Ricks v. State* (1983), Ind.App., 446 N.E.2d 648, 650–651.

Finally, Minniefield argues that our supreme court's holding in *Stark v. State, supra* note 3, stating that the State need not prove that the defendant knowingly or intentionally caused the injury, is ripe for reconsideration. We decline.

Accordingly, we hold that there was substantial probative evidence from which the jury could find "serious bodily injury" beyond a reasonable doubt.

Affirmed.

GARRARD and SULLIVAN, JJ., concur.

**4.** Minniefield contends that our supreme court's discussion of the "bodily injury" issue found in *Stark v. State* (1986), Ind., 489 N.E.2d 43, 48, merits reconsideration by us. Notwithstanding the procedural difficulties attendant to his request, he fails to recognize that *Stark* was decided under an earlier statute, which required only "bodily injury" to enhance robbery to Class A felony status. IC 34–42–5–1 (1982). "Bodily injury" is defined by statute differently than

"serious bodily injury." *Compare* IC 35–41–1–4 (bodily injury) *with* IC 35–41–1–25 (serious bodily injury). Thus, *Stark* sought only to clarify the meaning of "bodily injury," and its discussion of that issue is inapplicable to the case at bar. The present statute, amended in 1984, allows enhancement of robbery to a Class A felony only "if it results in serious bodily injury to any person other than a defendant." IC 35–42–5–1, *as amended by* P.L. 186–1984, SEC. 1.