Billy E. HARWOOD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 82S01–9112–CR–969.

Supreme Court of Indiana.

Dec. 10, 1991.

Rehearing Denied Feb. 13, 1992.

John P. Brinson, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The conviction of Billy E. Harwood for child molesting was affirmed by the Court of Appeals. *Harwood v. State* (1990), Ind. App., 555 N.E.2d 513. We grant transfer to address one issue. In all other respects, we summarily affirm the decision of the Court of Appeals pursuant to Ind.Appellate Rule 11(B)(3).

The defendant contends that State's Exhibit 3, a copy of the judgment and order of probation from his 1984 Texas conviction of indecency with a small child, was erroneously admitted into evidence because the attached certification was itself a copy which had been produced by a fax machine. The Court of Appeals held that State's Exhibit No. 3 was not rendered inadmissible because the document and certification were facsimile copies. *Id.*

In *Kelly v. State* (1990), Ind., 561 N.E.2d 771, we held that, while copies of public records can themselves be admissible if their authentication is properly certified, the certifications themselves do not constitute public records and photocopies are not acceptable if a genuine issue is raised as to their authenticity. The trial objection in the present case was similar to that made in *Kelly*. Harwood's counsel made a timely objection expressly questioning the authenticity of the certification, the identity of the certifying clerk as keeper of the records, and the absence of a seal, further stating:

> I object because the certification itself is not an original. I understand that copies can be introduced of the documents themselves, but I believe the law is that the certification itself must be an original.

Record at 260. In accordance with *Kelly*, the defendant's contention is correct. It was error to admit State's Exhibit No. 3.

However, the erroneous admission of evidence must be disregarded on appeal unless it affects the substantial rights of the parties. Ind.Trial Rule 61. Assessing the probable impact of the challenged evidence, we will find harmless an error in the admission of evidence when there is no substantial likelihood that such evidence contributed to the verdict. *Bowman v. State* (1991), Ind., 577 N.E.2d 569. The victim's testimony at trial clearly described the offense and identified Harwood as the person who committed the offense. Her testimony was corroborated by other physical and testimonial evidence. In view of the strong evidence presented, we find that there is no substantial likelihood that the records of the 1984 Texas conviction contributed to the verdict. The error in admission of State's Exhibit No. 3 does not require reversal in this case.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result.