Calvin HILL, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–9103–CR–211.

Supreme Court of Indiana.

June 2, 1992.

As Amended June 8, 1992.

Marce Gonzales, Jr., Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant and his codefendant, Nathan Minniefield, of Robbery, a Class A felony; in addition, appellant was found to be a habitual offender. They received sentences of thirty-five (35) years and forty (40) years, respectively; with appellant's thirty-year habitual enhancement, he received a total sentence of sixty-five (65) years. Their convictions, however, were reversed by this Court on direct appeal. *Minniefield v. State* (1989), Ind., 539 N.E.2d 464. Nevertheless, upon retrial, they again were found guilty of the same crime and received the same sentences. Our mandatory direct appellate jurisdiction over criminal appeals meanwhile having been restricted to those convictions with sentences greater than fif-

ty (50) years, *see* Indiana Constitution, art. 7, § 4; *see also* Ind. Appellate Rule 4, Minniefield's conviction has been appealed to, and affirmed by, the Court of Appeals. *Minniefield v. State* (1991), Ind.App., 569 N.E.2d 734. Hence only Hill's appeal is presently before us.

The facts, as related in our prior opinion, 539 N.E.2d at 465, are:

"Around 2:00 a.m. on September 25, 1986, as Michael Guiden was exiting his car, he was accosted by appellants and ordered at gunpoint to lie down on the front seat. Guiden was searched and relieved of the contents of his pockets, including his wallet, money, some betting slips, and other papers.

Guiden then was ordered to get into the back seat. His assailants started the car and drove away with Guiden in the back seat. A short time later, Guiden escaped by jumping from the moving car. In the process, he injured his right side and right knee, for which he later was treated at St. Margaret's Hospital and forced to walk with crutches for a month.

After hearing a radio dispatch of the crime, including a description of Guiden's car, police officers observed the car and gave chase. The chase ended abruptly when Guiden's car failed to make a turn and crashed. Both occupants fled on foot, but later were captured."

■ Appellant contends the trial court committed fundamental error upon retrial in denying him bond. Both appellants had bond set at $75,000 prior to their first trial. After reversal of that conviction, they petitioned for reduction of bond, with Hill testifying his family could raise only $4,000 and Minniefield, only $1500. Judge pro tempore T. Edward Page, expressing his concern that preventive detention was needed for both defendants until retrial, went on to comment that "[i]t would be intellectually immoral and dishonest of me to set a bail that the Defendants couldn't make.... I should be honest about it and say it up front and deny the Defendants bail altogether. And that is the ruling of the Court." Appellant correctly cites art. 1,

§§ 16 and 17 of the Indiana Constitution for the proposition that he has an express constitutional right to be let to bail that is not excessive.

In *Minniefield, supra,* 569 N.E.2d at 735, Judge Staton, writing for the Court of Appeals, observed Minniefield was correct in conceding the issue should have been appealed in an interlocutory proceeding and was moot due to the appellants' subsequent conviction and sentencing. Here, where Hill's appeal shares an identity of parties, counsel, and issues with Minniefield's, we find in congruence with Judge Staton's opinion that despite appellants' urging for guidance to trial courts in the future, we cannot go on to decide this issue. When there is no live case or controversy before us, any judgment entered upon the issue would not be dispositive of anything and thus would be advisory. *Ind. Bureau of Motor Vehicles v. Zimmerman* (1985), Ind., 476 N.E.2d 114. We do not provide advisory opinions. *State ex rel. Goldsmith v. Super. Court of Marion County* (1984), Ind., 463 N.E.2d 273.

■ Appellant contends the evidence is insufficient to support his conviction of robbery as a Class A felony. He notes the robbery statute, Ind.Code § 35–42–5–1, provides for elevation to Class A felony status if the crime "results in serious bodily injury to any person other than a defendant," and that Ind.Code § 35–41–1–25 defines "serious bodily injury" as that which "creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ." Appellant goes on to assert the injuries suffered by Guiden were not serious enough to trigger aggravation to a Class A felony. He observes the victim's testimony that once he got home, he did not take the pain medication issued him at the hospital and walked with crutches for only a short while, and concludes these facts support aggravation to only a Class B felony, which requires proof merely of "bodily injury."

Again in congruence with the Court of Appeals' treatment of the companion case, however, we find that the ill effects suf-

fered by the victim here do rise to the level of serious bodily injury. As pointed out by Judge Staton, whether bodily injury is "serious" has been held to be a matter of degree and therefore a question reserved for the factfinder. *Ricks v. State* (1983), Ind.App., 446 N.E.2d 648. He also cites Indiana cases interpreting the aforementioned statutes and finds that in situations similar to this, the evidence has been held sufficient to sustain a finding of serious bodily injury, *e.g.,* *Hawkins v. State* (1987), Ind., 514 N.E.2d 1255. Taking note of the evidence that Guiden's leg was splinted for five weeks and that he needed crutches and missed work for four weeks, we also "do not find that the injuries in the present case differ substantially in kind and extent from those in the cases" cited by the Court of Appeals. *Minniefield, supra,* 569 N.E.2d at 736.

■ Appellant maintains it violates due process of law to impose strict liability for serious bodily injury resulting from a robbery and asks we revisit our decision in *Stark v. State* (1986), Ind., 489 N.E.2d 43, which holds the State need not prove the defendant knowingly or intentionally caused the injury to elevate the offense to a Class A felony. As the Court of Appeals noted, *Stark* involved enhancement under the pre–1984 version of Ind.Code § 35–42–5–1 which required only "bodily injury" to enhance robbery to Class A felony status. It thus is inapposite to the sufficiency of the evidence here to establish "serious bodily injury." However, as cited in our opinion deciding the appeal from appellants' first conviction, *Stark* does stand for the proposition that "[r]egardless of the intent of the perpetrator, if the injury occurs as a consequence of the conduct of the accused, the offense is regarded as a Class A felony." *Minniefield, supra,* 539 N.E.2d at 466. This aspect of the Class A felony enhancement issue, as to these appellants upon these facts, thus is *res judicata.*

This Court has stated that in a felony-murder context, a defendant will be held criminally responsible for the death of another if the variation between the result intended *or hazarded* and the result actually achieved is not so extraordinary that it would be unfair to hold the defendant responsible for the actual result. *Reaves v. State* (1992), Ind., 586 N.E.2d 847; *Ford v. State* (1988), Ind., 521 N.E.2d 1309. In the case at bar, where appellants robbed the victim at gunpoint, confined him to his car and drove it away, the injuries Guiden incurred while escaping clearly were within the result hazarded. It thus was not unfair, nor violative of due process, to hold appellant responsible for the result actually achieved. There was no error in enhancing the robbery conviction to a Class A felony.

■ Appellant contends the trial court erred in admitting in evidence, over his objection, improperly certified exhibits in support of the State's habitual offender allegation. He points out the exhibits had pinholes where staples obviously had been removed, suggesting the certification documents may have been misattached, and cites *Kelly v. State* (1990), Ind., 561 N.E.2d 771 for the proposition that such "tampering" with the documents removed from them their "authentic certified quality" envisioned by Ind.Trial Rule 44(A)(1) and Ind. Code § 34–1–18–7.

We disagree. *Kelly* involved photocopied exhibits of photocopies and held that an individualized original certification was required for proper authentication. In the instant case, the prosecutor testified he had retrieved the exhibits used in appellant's first trial from the transcript of the first appeal, removed the staples, photocopied each page, replaced the originals in the transcript with the photocopies, and restapled the originals back in order, resulting in the extra staple holes. Had the State introduced the photocopies in evidence rather than the originals, *Kelly* would be controlling here; but as the originals themselves were introduced at the instant proceeding, *Kelly* is inapposite. The documents at issue were properly certified as authentic and thus properly admitted.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.