The appellant, Anthony Lynn Shumate, was convicted of receiving stolen property in the first degree in violation of § 13A-8-17, Code of Alabama 1975. He was sentenced to 10 years in the penitentiary pursuant to the Habitual Felony Offender Act.
 I
The appellant first contends that the trial court erred by applying the Habitual Felony Offender Act (HFOA), § 13A-5-9, Code of Alabama 1975, in sentencing him to 10 years in the penitentiary. Specifically, he contends that the state failed to prove the prior felony conviction that invoked application of the HFOA because the state introduced a facsimile copy of a certified copy. He contends that this was not sufficient proof of a prior felony conviction.
The appellant was convicted of receiving stolen property in the first degree, a Class B felony punishable by "not more than 20 nor less than 2 years" in the penitentiary. § 13A-5-6, Code of Alabama 1975; § 13A-8-17, Code of Alabama 1975. The state presented evidence that the appellant had one prior felony conviction. Under the HFOA, the conviction for receiving stolen property could be punished as a Class A felony, which carries a sentence of "life or not more than 99 years or less than 10 years." § 13A-5-9, Code of Alabama 1975; § 13A-5-6, Code of Alabama 1975.
This presents an issue of first impression for this court. The only Alabama case thus far dealing with the use of facsimile machines for court documents is McKay v. Tuck,622 So.2d 926 (Ala.Civ.App. 1992), affirmed by the Alabama Supreme Court in Ex parte Tuck, 622 So.2d 929 (Ala. 1993). In that case, the appellant used a facsimile machine to send a notice of appeal from a judgment in district court to the clerk of the circuit court. The same day, the appellant mailed the original notice of appeal which was received by the circuit clerk on January 3, 1992, one day beyond the 14-day filing period. The Court of Civil Appeals held that the facsimile transmission constituted a timely filing. Presiding Judge Robertson, in his opinion concurring in result only, stated:
 "In ratifying the new Judicial Article of the Constitution, the people of this state mandated a unified court system with uniform rules. Cowin Equipment Co. v. Robison Mining Co., 342 So.2d 910
(Ala. 1977). The Judicial Article vested within the Supreme Court of Alabama the power and authority to make and promulgate rules governing the administration of the courts. Cowin. These rules can be changed only by a statewide act of the legislature or, of course, by the supreme court itself. Cowin."
McKay, 622 So.2d at 928.
In Ex parte Tuck, the Alabama Supreme Court affirmed the judgment of the Court of Civil Appeals but offered the following caveat:
 "This Court has referred the whole subject of facsimile filings, including notices of appeal, to its Standing Committee on the Rules of Civil Procedure and its Standing Committee on the Rules of Appellate Procedure. As of now, we have not received a report from these committees.
 "We offer the following caveat to the Bar. The notice of appeal from the district court to the circuit court in this case is treated as a proper and timely filing. Likewise, other filings attempted by facsimile transmission in reliance on the opinion of Court of Civil Appeals will be taken as proper on the same basis through the period ending July 31, 1993. After that date we will not recognize facsimile transmissions as filings, within the meaning of our rules of court or the statutes of this state, except as statutes or rules may specifically authorize 'filing' by facsimile transmission. The Alabama rules of court do not presently specifically authorize any 'filings,' either of notices of appeal *Page 1347 or any other documents, by facsimile transmissions."
Tuck, 622 So.2d at 930. (Emphasis added.)
To date, no Alabama rule of court has been adopted to authorize filings by facsimile transmissions.
However, Ex parte Tuck does not resolve the present issue because the issue in this case concerns more than the use of facsimile machines for filings. What is at issue here is the authenticity of documents used to prove prior felony convictions.
In order to invoke the HFOA, "the burden of proof [is] on the state to show that the defendant has been convicted of a previous felony or felonies." Rule 26.6(b)(3)(iii), Ala.R.Crim.P. "If the state fails to meet its burden of proof to establish one or more prior felony convictions, then the defendant shall not be sentenced as an habitual offender." Rule 26.6(b)(3)(iii), Ala.R.Crim.P.
In order to prove a prior felony conviction, the state must present a certified copy of the conviction to the trial court at the sentencing hearing. Allen v. State, 611 So.2d 1152,1155-56 (Ala.Cr.App. 1992). "A 'certified copy' of a public record is one that is signed and certified as a true copy by the officer who has lawful custody of the original." C. Gamble,McElroy's Alabama Evidence, § 218.01 (4th ed. 1991). Under present Alabama case law certified copies of public records are self-authenticating and admissible into evidence. Bentley v.State, 450 So.2d 197, 199 (Ala.Cr.App. 1984). Similarly, Rule 902(4) of the Alabama Rules of Evidence, which will be effective in Alabama courts January 1, 1996, provides for self-authentication of certified copies of public records.
However, the state presented to the trial court a copy of a certified copy that was received via facsimile machine. In other words, the state presented a copy of a certifiedcopy of the appellant's prior felony conviction. We are unaware of any authority in this state that provides for self-authentication of copies of certified copies or that attaches certified copy status to such a document. Therefore, we have looked to the courts of other states for guidance on this issue, and we adopt the position of the Indiana Supreme Court and the Arizona Supreme Court with regard to the evidentiary status of copies of certified copies.
The Indiana Supreme Court stated in Harwood v. State,582 N.E.2d 359, 360 (Ind. 1991):
 "The defendant contends that State's Exhibit 3, a copy of the judgment and order of probation from his 1984 Texas conviction of indecency with a small child, was erroneously admitted into evidence because the attached certification was itself a copy which had been reproduced by a fax machine. The Court of Appeals held that the State's Exhibit No. 3 was rendered inadmissible because the document and certification were facsimile copies.
 "In Kelly v. State (1990), Ind., 561 N.E.2d 771, we held that, while copies of public records can themselves be admissible if their authentication is properly certified, the certifications themselves do not constitute public records and photocopies are not acceptable if a genuine issue is raised as to their authenticity. The trial objection in the present case was similar to that made in Kelly.
Harwood's counsel made a timely objection expressly questioning the authenticity of the certification, the identity of the certifying clerk as keeper of the records, and the absence of a seal, further stating:
 " 'I object because the certification itself is not an original. I understand that copies can be introduced of the documents themselves, but I believe the law is that the certification itself must be an original.'
 "Record at 260. In accordance with Kelly, the defendant's contention is correct. It was error to admit State's Exhibit No. 3."
The Arizona Supreme Court stated in State v. Stotts,144 Ariz. 72, 84, 695 P.2d 1110, 1122 (1985):
 "The certification in the instant case is a copy of a certification. The proffered evidence in the instant case is a copy of a certified copy. Rule 902(4), Rules of Evidence, 17A A.R.S. does not provide for *Page 1348 
self-authentication of copies of certified copies. ' "Certified copies" cannot and does not mean copies of certified copies.' State v. McGuire, 113 Ariz. 372, 375, 555 P.2d 330, 333 (1976). (emphasis in the original.)"
We hold that a facsimile copy or a photocopy of a certified copy of a prior felony conviction is not sufficient proof of a prior felony conviction for purposes of sentence enhancement under the Habitual Felony Offender Act. Therefore, this case must be remanded to the Cullman County Circuit Court for a new sentencing hearing.
In the interest of judicial economy, we will address the additional issues raised by the appellant on appeal.
 II
The appellant contends that the trial court erred by allowing evidence of his post-arrest silence to be received into evidence in violation of his Fifth Amendment privilege against self-incrimination. We disagree.
The state's evidence tended to show that the appellant had purchased a stolen Honda four-wheel all terrain vehicle (ATV). The appellant testified in his own defense. He testified that he bought the ATV from Wayne Barnett, and he showed a bill of sale purportedly signed by both Wayne Barnett and him.
On cross-examination the appellant admitted telling the police that he had bought the ATV at a garage sale. Before eliciting this testimony, the prosecutor asked the appellant if he had read and signed a form waiving his Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights. The appellant stated that he had signed the form and that he understood the waiver. The appellant's counsel objected numerous times during this line of questioning on various grounds, including the ground that the questions improperly commented on the appellant's exercise of his Fifth Amendment privilege against self-incrimination.
First, the prosecutor did not comment on the appellant's exercise of his Fifth Amendment privilege but rather on hiswaiver of that privilege. Second, the record reflects that the prosecutor asked the appellant about his waiver of Miranda
rights in order to lay a foundation to impeach the appellant with a prior inconsistent statement.
 "The rule is that prior inconsistent statements of a witness may be used to impeach the credibility of the witness but, generally, may not be considered as substantive evidence. Randolph v. State, 348 So.2d 858 (Ala.Cr.App. 1977); C. Gamble, McElroy's Alabama Evidence, § 159.02(1) (3d ed. 1991)."
Varner v. State, 497 So.2d 1135, 1137 (Ala.Cr.App. 1986).
We hold that the trial court correctly allowed the prosecutor to ask the appellant about his Miranda waiver in order to lay a foundation for impeachment.
 III
The appellant next contends that the trial court erred by not allowing him to fully cross-examine Investigator Jeff Bailey of the Arab Police Department.
However, the record reflects that the appellant was attempting to cross-examine Bailey about the alleged inconsistency of his testimony with the contents of a police report that was written by another police officer investigating the case. The record reflects that Bailey's testimony was in fact consistent with the report. Furthermore, the trial court correctly limited the appellant's cross-examination on this matter because Bailey did not write the police report and could not testify as to matters of which he had no personal knowledge. Spurgeon v. State, 560 So.2d 1116, 1121
(Ala.Cr.App. 1989).
This case is remanded to the Cullman County Circuit Court for proceedings not inconsistent with this opinion. Due return should be filed with this court no later than 42 days from the date of this opinion. *Page 1349 
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On February 9, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 22, 1996, that court denied rehearing, without opinion.