**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**GREGORY L. CALDWELL**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 05 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CURTIS E. JONES, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1104-CR-414 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul Felix, Judge
Cause No. 29C01-1006-FA-40

**January 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a jury trial, Curtis E. Jones appeals his convictions of two counts of child molesting, both Class A felonies, and two counts of incest, both Class B felonies. Jones raises three issues for our review: 1) whether sufficient evidence supports his convictions; 2) whether the trial court abused its discretion in sentencing him; and 3) whether the sentence is inappropriate in light of the nature of his offenses and character. Concluding the evidence is sufficient, the trial court did not abuse its discretion, and Jones's sentence is not inappropriate, we affirm.

## Facts and Procedural History

Jones and his ex-wife, D.A., were divorced in 2002. During their time together, Jones and D.A. had four children, including two daughters, E.J., who is now nineteen years old, and M.J., who is now twenty-one years old. Between May 2000 and September 2002, Jones had overnight parenting time with E.J. and M.J. on alternate weekends, which generally took place at his mother's home. During these overnight stays, Jones shared a bed with his daughters, often tickling M.J. on her back, stomach, and bottom. At trial, M.J. testified that on at least two separate occasions after Jones tickled her, Jones placed his hand under M.J.'s underpants, rubbed her clitoris, and inserted his finger into her vagina.

Between September 2002 and sometime during the fall of 2003, Jones's parenting time with E.J. and M.J. occurred at his oldest son's home. E.J. testified that on at least five separate occasions while E.J. was in her bed, Jones massaged her back and bottom, placed his hand between her legs, and inserted his finger into her vagina.

Sometime during 2005, Jones's visitation with E.J. and M.J. ended. Four years later, in 2009, E.J. told her mother about the earlier incidents between her and her father. D.A. subsequently filed a complaint against Jones with the Indiana Department of Child Services. At that point, the Noblesville Police Department began investigating. Once the police became involved, M.J. told detectives about the inappropriate conduct her father had displayed towards her.

The State charged Jones with two counts of child molesting, both Class A felonies, and two counts of incest, both Class B felonies. At the conclusion of a jury trial, the jury found Jones guilty as charged on all counts. The trial court sentenced Jones to forty years for each of the child molesting convictions, with thirty years executed and ten suspended, and ordered these sentences to be served consecutively. The trial court further sentenced Jones to ten years executed for each of the incest convictions, to be served concurrently with each other and with the sentences for child molesting, for a total sentence of eighty years with sixty years executed. Jones now appeals his convictions and sentence.

## I. Sufficiency of the Evidence

### A. Standard of Review

When reviewing the sufficiency of the evidence to support a criminal conviction, we neither reweigh the evidence nor judge witnesses' credibility. Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005). Rather, we consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). The uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. Mathis v. State, 859 N.E.2d 1275, 1281 (Ind. Ct. App. 2007). Therefore, we will affirm the conviction if the probative evidence and reasonable

3

inferences drawn therefrom could have allowed a reasonable trier of fact to find all elements of the crime proven beyond a reasonable doubt. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005).

### B. Evidence of Child Molesting and Incest

To convict Jones of child molesting under Indiana Code section 35-42-4-3(a)(1), the State must prove that Jones: (1) being at least twenty-one years of age; (2) performed or submitted to sexual intercourse or deviate sexual conduct; (3) with a child under fourteen years of age. Moreover, to convict Jones of incest under Indiana Code section 35-46-1-3(a), the State must prove that Jones: (1) being at least eighteen years of age; (2) engaged in sexual intercourse or deviate sexual conduct; (3) with another person, who Jones knew to be his biological child.

For the purposes of both the child molesting and incest statutes, "deviate sexual conduct," is defined in relevant part by Indiana Code section 35-41-1-9(2) as an act involving penetration of a person's sex organ or anus by an object. In this case, the "objects" at issue are Jones's fingers. It is well-settled that a finger qualifies as an "object" for the purposes of deviate sexual conduct. See Harwood v. State, 555 N.E.2d 513, 515 (Ind. Ct. App. 1990), summarily aff'd on this issue by 582 N.E.2d 359, 360 (Ind. 1991).

Jones does not focus on how his conduct may fit in to the definition of deviate sexual conduct; instead, he argues essentially that the testimonies of E.J. and M.J. alone are not sufficient evidence by themselves to sustain his convictions for child molesting and incest. He points to a variety of other types of evidence that were not presented to the jury in this case, such as medical testimony or corroborating testimony from other

4

witnesses. However, as the State correctly points out, the uncorroborated testimony of one witness by itself may suffice to affirm a conviction on appeal. Mathis, 859 N.E.2d at 1281. Here, there is evidence in the record, including eyewitness testimony by the victims themselves, supporting each count on which Jones was convicted. Jones, who was born in May of 1960, is well over the age required by the statutes. Both E.J. and M.J. testified that he inserted his finger into their vaginas, thereby committing deviate sexual conduct. See Gasper v. State, 833 N.E.2d 1036, 1044 (Ind. Ct. App. 2005), trans. denied. Finally, for the purposes of child molesting, at the time the incidents with his daughters occurred, both E.J and M.J were under fourteen years of age. For the purposes of incest, there is no question that Jones knew both E.J. and M.J. to be his biological daughters.

Jones's argument regarding the evidence relied upon by the jury is nothing more than an invitation to reweigh such evidence on appeal, which we will not do. See Wright, 828 N.E.2d at 906. As such, we conclude that the State presented sufficient evidence to support Jones's convictions on both counts of child molesting and on both counts of incest.

II. Abuse of Discretion[1]

A. Standard of Review

---

[1] Jones's crimes were committed, at the latest, in 2003. A court must generally sentence a defendant under the statute in effect at the time the offense was committed. White v. State, 849 N.E.2d 735, 741 (Ind. Ct. App. 2006), trans. denied. The advisory sentencing scheme, and the Anglemyer v. State formulation for reviewing sentences imposed under it, did not take effect until April 25, 2005. Neither party has made that distinction in its brief, however, and as Jones challenges only the identification of or failure to identify mitigating and aggravating circumstances and not the balancing thereof, the distinction does not materially alter our review. See Anglemyer v. State, 868 N.E.2d 482, 490-91 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. We have therefore assessed Jones's abuse of discretion argument as set forth by the parties.

5

A trial judge may, in his or her discretion, identify aggravating and mitigating factors in imposing a particular sentence, but if any such factors are identified, the trial judge must give a statement of the court's reasoning for selecting the sentence that it imposes. Anglemyer, 868 N.E.2d at 490; Ind. Code § 35-38-1-3. Assuming a trial court imposes a sentence within the relevant statutory range, its decisions are reviewed only for an abuse of discretion. Anglemyer, 868 N.E.2d at 490. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

With regard to aggravating and mitigating circumstances, one way a trial court may abuse its discretion is by entering a sentencing statement which includes aggravating and mitigating factors not supported by the record. Id. at 490-91. Alternatively, a trial court may abuse its discretion if the aggravating and mitigating factors identified in the trial court's sentencing statement are improper as a matter of law. Id. at 491 In either situation, remand for resentencing is the appropriate remedy if we are unable to say that the trial court would have imposed the same sentence had it properly considered reasons that are supported by the record. Id. Moreover, we no longer review the trial court's balancing of aggravating and mitigating circumstances. Id.

The decision to impose consecutive sentences lies within the discretion of the trial court, but the trial court must find at least one aggravating circumstance before imposing consecutive sentences. Owens v. State, 916 N.E.2d 913, 917 (Ind. Ct. App. 2009). If the trial court fails to articulate at least one aggravating circumstance upon the imposition of consecutive sentences, we may find the trial court abused its discretion. Id.

B.  Aggravating and Mitigating Circumstances

We begin our analysis by identifying the aggravating and mitigating circumstances relied upon by the trial court at sentencing. The trial court relied on both Jones's position of trust with his daughters and his prior criminal history as aggravating circumstances to support his enhanced and consecutive sentences.[2] The trial court also identified as a mitigating circumstance that Jones had been caring for his mother for many years.

Jones first argues that the trial court abused its discretion in refusing to find as a mitigating circumstance that his incarceration would result in undue hardship to his ill mother. Although acknowledging that Jones had been taking care of his mother for some time, the trial court specifically declined to find that his incarceration would cause an undue hardship to his mother, "mainly due to the fact that the statutory minimum sentence that I must enter today will . . . almost guarantee a sentence that will result in you being released sometime after your ability to care for your mom any longer." Tr. at 268. A trial court is not required to find that incarceration will result in undue hardship to a defendant's dependents. Benefield v. State, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), trans. denied. Given that the trial court did not overlook this proffered mitigating circumstance, we cannot say the trial court abused its discretion in failing to identify it as such, especially given its reasoning.

Jones also argues the trial court improperly relied upon his position of trust with his daughters as an aggravating circumstance because said position is an element of

---

[2] The sentencing court stated that "You do, of course, have the two prior criminal convictions that the [trial court] can use as aggravating factors as well as the position of trust you had with your children." Transcript at 267. Jones argues that the trial court improperly relied upon the victims' ages as aggravating factors because they constitute elements of the crimes of which he was convicted. Jones correctly points out that when the age of the victim constitutes a material element of the crime, the trial court may not identify the victim's age as an aggravating factor for the purposes of sentencing. Johnson v. State, 845 N.E.2d 147, 151 (Ind. Ct. App. 2006), trans. denied. However, the record is devoid of any indication that the trial court in fact relied on the victims' ages as an aggravating factor and Jones's argument on this point is irrelevant.

incest, which, Jones suggests, is the basis for the child molestation charges. Jones does not point us to any applicable legal authority to support his argument. See Ind. Appellate Rule 46(A)(8)(a). It is well-settled that being in a position of trust with the victim is a valid aggravating circumstance to be identified by the sentencing court. Bacher v. State, 722 N.E.2d 799, 802 (Ind. 2000). The trial court's finding is no less valid simply because Jones is required by statute to be the victims' biological father for the purposes of being convicted of incest. Having a biological relationship is not necessarily co-extensive with being in a position of trust. The trial court properly relied on Jones's position of trust to his daughters as an aggravating circumstance.

As to the trial court's reliance on Jones's criminal history as an aggravating circumstance, Jones has two prior criminal convictions: battery and operating while intoxicated and endangering a person, both Class A misdemeanors. Criminal history is a valid aggravating circumstance. Atwood v. State, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009), trans. denied. Our supreme court has stated that "a criminal history comprised of a single, nonviolent misdemeanor is not a significant aggravator in the context of a sentence for murder." Wooley v. State, 716 N.E.2d 919, 929 (Ind. 1999). However, that notion does not apply to the case at bar. Jones has two prior convictions of misdemeanors, and unlike the defendant in Wooley, Jones's misdemeanor battery conviction is a violent crime.

To impose consecutive sentences, the trial court was required to identify and explain at least one aggravating circumstance. See Owens, 916 N.E.2d at 917. Here, the trial court sufficiently identified and explained two valid aggravating circumstances: Jones's position of trust with respect to the victims and his prior criminal history.

Moreover, "[w]hether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences . . . ." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). As such, the trial court did not abuse its discretion in imposing consecutive sentences.

Last, Jones points out a misstatement of the law made by the trial court during sentencing regarding the minimum non-suspendible sentence it was required to impose for the child molesting convictions. The trial court stated, "I believe that the law requires in regards to a mandatory sentence in 35-50-2-2 . . . that the Court may suspend only that part of the sentence that is in excess of thirty years." Tr. at 262. The trial court was referring to Indiana Code section 35-50-2-2(b)(4), which provides that "the court may suspend only that part of the sentence that is in excess of the minimum sentence" for Class A felony child molesting. In fact, the applicable minimum sentence for said crime is twenty years, whereas the advisory sentence is thirty years. Thus, Jones correctly points out that the trial court did misstate the applicable law.

However, after incorrectly stating that the minimum non-suspendible sentence for child molesting is thirty years, the trial court asked both parties if they agreed with this statement. Both answered in the affirmative. See id. Thus, any error in this regard was invited. "A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error." Hape v. State, 903 N.E.2d 977, 997 (Ind. Ct. App. 2009), trans. denied. Moreover, we have already held that the trial court did not abuse its discretion in imposing forty-year consecutive sentences for the child molesting convictions. Even if the trial court had announced the

9

correct minimum non-suspendible sentence, there is nothing in the record that leads us to believe the trial court would have imposed on Jones a different sentence.

## III. Inappropriate Sentence

### A. Standard of Review

This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In making this determination, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied. Nevertheless, the defendant bears the burden to persuade this court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224.

### B. Nature of Offense and Character of Offender

Jones appears to take issue only with his sentences for child molesting. For each Class A felony conviction, Jones may be imprisoned for twenty to fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. Jones was ordered to serve two consecutive forty-year terms for the child molesting convictions, with thirty years executed and ten years suspended. Jones, therefore, was not given the maximum sentence for either conviction.

10

The record indicates that the trial court enhanced Jones's sentences on his Class A felony convictions due, in large part, to his position of trust to the victims. The severity of the crimes committed by Jones is of particular importance when taking into account the way in which they were carried out, his relationship to the victims, and the repetition of the behavior. Jones carried out these crimes while exercising parenting time with his daughters – a privilege afforded to him as their father. He used that precious time to violate his daughters sexually and manipulate them mentally in unthinkable ways. Moreover, Jones did not molest each of his daughters on just one occasion. The record indicates that he sexually violated M.J. on at least two separate occasions, and acted in a similar manner with E.J. on at least five separate occasions.

When the same offense is committed against two victims, enhanced and consecutive sentences seem necessary to vindicate that fact. Upton v. State, 904 N.E.2d 700, 703 (Ind. Ct. App. 2009), trans. denied. We also acknowledge our position that "crimes against children are particularly contemptible." McClendon v. State, 910 N.E.2d 826, 837 (Ind. Ct. App. 2009) (quoting Walker v. State, 747 N.E.2d 536, 538 (Ind. 2011)), trans. denied. Jones's crimes were committed against two children, his daughters E.J. and M.J., and were of the exact same nature. For those additional reasons, we cannot say that Jones's sentence is inappropriate in light of the nature of the offenses.

As to the character of the offender, Jones points out that besides two prior unrelated misdemeanor convictions, he has no criminal history and has otherwise lived a legally and morally commendable lifestyle. He further suggests we take into account that the crimes were unique to a single instant in time where stress was high and circumstances of his life were out of the ordinary and therefore this conduct is not likely

to be repeated. We are not persuaded. The extended and repeated nature of the molestations belies his claim to have been living a largely law-abiding and moral life and to have committed an act unique to a single point in time. He has been convicted of a violent offense against a person. Taking that into consideration, Jones's prior criminal history, however minimal, does not persuade us that his sentence in inappropriate in light of his character.

For these reasons, Jones's sentence is not inappropriate in light of the nature of his offenses and character.

## Conclusion

Sufficient evidence supports Jones's convictions for child molesting and incest; the trial court did not abuse its discretion in arriving at Jones's sentence; and Jones's sentence is not inappropriate in light of the nature of his offenses and his character. We therefore affirm the convictions and sentence.

Affirmed.

BARNES, J., and BRADFORD, J., concur.