RUCKER, J.
concurring in part and dissenting in part.
The majority declares: “Whether the State must establish the actual existence of serious bodily injury in order to convict a defendant of class A felony conspiracy to commit robbery resulting in serious bodily injury is an issue of first impression before this Court.” Op. at 407. I agree the precise question has not been previously presented to us. However, our existing case authority as well as familiar tenets of statutory construction compels the conclusion that the State must prove the existence of serious bodily injury in order to convict a defendant of class A felony conspiracy to commit robbery. I therefore respectfully dissent from the majority’s contrary view.
Central to this discussion is that serious bodily injury is not an element of the offense of robbery. Instead it is a penalty enhancement that increases the class of the offense from a C to an A felony. “The primary purposes of statutorily enhanced penalties for robbery resulting in bodily injury [or serious bodily injury] include deterring those who would commit robbery from in any way harming their victims, and protecting society from those persons who demonstrate the propensity to harm the victims of their crimes.” Payne v. State, 484 N.E.2d 16, 19 (Ind.1985). In consequence, for the completed offense of robbery the State is required to prove serious bodily injury in order to enhance the offense to a class A felony. See, e.g., Young v. State, 725 N.E.2d 78, 82 (Ind.2000) (affirming defendant’s conviction for robbery as a class A felony because the record contained “substantial probative evidence from which the factfinder could reasonably find serious bodily injury beyond a reasonable doubt.”); Hawkins v. State, 514 N.E.2d 1255, 1256 (Ind.1987) (finding the evidence sufficient to establish “the ‘serious bodily injury’ element for class A robbery” under our standard of review for a sufficiency challenge by detailing the nature and extent of the injuries the victim actually suffered). The requirement that the State must prove the existence of the penalty-enhancing conduct beyond a reasonable doubt for a completed offense, is no less true for a charge of conspiracy. The following recitation from our Court of Appeals is instructive on this point:
Robbery is a class A felony if it results in serious bodily injury. The state does not have to prove that the defendant knowingly or intentionally caused such injury. If serious bodily injury occurred *412 as a consequence of the conduct of the accused, the offense is a class A felony. The same would be true as to bodily injury raising the offense to a class B felony. The infliction of the injury simply raises the grade of the offense. If injury results, the robbery is a more serious offense. But, the infliction of the injury need not be intended. Conspiracy is a felony of the same class .as the underlying felony. If the infliction of bodily injury or serious bodily injury need not be done knowingly or intentionally to raise robbery from a class C felony to either a class B or class A felony, neither does the infliction of such an injury have to be a subject of the agreement. If the parties agree to commit robbery, and as a result of an overt act committed in furtherance of the conspiracy a serious bodily injury occurs, the conspiracy is a class A felony.
Phares v. State, 506 N.E.2d 65, 69 (Ind.Ct.App.1987) (emphasis added) (internal citations omitted) (rejecting claim that information failed to charge a class A felony conspiracy because it did not allege that defendant agreed to inflict serious bodily injury). This Court has likewise weighed in on the subject. In Smith v. State, 549 N.E.2d 1036 (Ind.1990), the defendant was convicted of, among other things, conspiracy to commit robbery as a class A felony where the victim sustained serious bodily injury. The defendant challenged the conviction in part on grounds that the agreement he entered with his cohort did not include intentionally wounding the victim. Rejecting this argument, the Court had this to say: “The use of a deadly weapon or the intention to harm a victim are not necessary parts of a conspiracy. It is sufficient if the conspiracy is to commit the crime and that serious bodily injury was a natural and probable consequence.’” Id. at 1038 (emphasis added). The underlying premise of the foregoing authority is that in charging a conspiracy although the State need not allege an agreement to commit serious bodily injury, the offense is enhanced only if it actually “results in serious bodily injury.” Ind.Code § 35-42-5-1.
In reaching the conclusion that the State need not prove the existence of serious bodily injury, the majority says, “[i]t may be helpful to think of conspiracy to commit robbery resulting in serious bodily injury as consisting of effectively two ‘mini-conspiracies’ within one crime: a conspiracy to commit robbery and a conspiracy to commit serious bodily injury in the course of the robbery.” Op. at 408. This is an inappropriate analogy in my view because it requires treating the bodily injury component as an element of the offense. Were this in fact the case, then there would be no problem. Take for example criminal recklessness. The statute provides in pertinent part: “A person who recklessly, knowingly, or intentionally ... inflicts serious bodily injury on another person ... commits criminal recklessness, a Class D felony.” I.C. § 35-42-2-2(d). Because the infliction of serious bodily injury is an element of the offense, a person conceivably could be found guilty of conspiracy to commit criminal recklessness as a class D felony even if no bodily injury actually occurred. What we have before us however is considerably different. Serious bodily injury is not an element of robbery and thus not an element of conspiracy. Again, it is a penalty enhancement that increases the class of the offense. And the enhancement kicks in only where the offense “results in serious bodily injury.”
This understanding is also consistent with Indiana’s statutory framework. Indiana Code section 35-41-5-2(a) provides in relevant part: “A person conspires to commit a felony when, with intent *413 to commit the felony, he agrees with another person to commit the felony.” (emphasis added). The felony of robbery is defined as “tak[ing] property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear.” I.C. § 35-42-5-1. In turn, to prove conspiracy to commit robbery “the State [is] required to establish that Defendant had the intent to commit robbery, agreed with another person to commit that robbery, and that some overt act was performed in furtherance of that agreement.” Porter v. State, 715 N.E.2d 868, 870 (Ind.1999) (citing I.C. § 35-41-5-2(l)(a) (1993)). Bodily injury or serious bodily injury is simply not an element of the felony of robbery. Had the Legislature intended as much it certainly could have done so as have other jurisdictions. See, e.g., Ky.Rev.Stat. Ann. § 515.020(1)(a) (“A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he: (a) Causes physical injury to any person who is not a participant in the crime.”); N.J. Stat. Ann. § 2C:15-1(a)(1) (“A person is guilty of robbery if, in the course of committing a theft, he: (1) Inflicts bodily injury or uses force upon another.”); Tex. Penal Code Ann. § 29.02(a)(1) (“A person commits an offense if, in the course of committing theft ... and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another.”). Although there are no reported decisions in the foregoing jurisdictions on whether conspiracy to commit robbery would be sustained on the facts before us, one could conceive of such possibility since bodily injury is an element of the offense. But Indiana’s statutory scheme does not include bodily injury or serious bodily injury as an element of the offense, and that is an important distinction.
Finally, the result the majority reaches today creates something of an anomaly. Codefendants who combine their efforts to rob a victim can have their sentences enhanced only upon proof beyond a reasonable doubt that their conduct resulted in bodily injury or serious bodily injury. By contrast, if those same codefendants conspire to rob a victim, and engage in the exact same conduct, their sentences may be enhanced even if bodily injury never occurs. With such a lethal weapon at its disposal why would the State ever charge a simple robbery offense? This is not a result our Legislature could have intended.
In this case the State failed to prove that Erkins’ conspiracy to rob the victim resulted in serious bodily injury justifying an enhancement. I would therefore vacate his conviction as a class A felony and remand this cause with instructions to enter judgment as a class C felony and to resentence accordingly. In all other respects I concur in the majority opinion.
DICKSON, C.J., joins.