**William B. JAMES, Appellant (Defendant Below),**

v

**STATE of Indiana on the Relation of the COMMISSIONER OF MOTOR VEHICLES, Michael M. Packard, Appellee (Plaintiff Below).**

No. 2–784A225.

Court of Appeals of Indiana, Second District.

March 27, 1985.

Kelly Leeman, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

William B. James appeals the trial court's determination he is a habitual traffic offender as defined in Ind.Code Ann. § 9–4–13–3 (Burns Code Ed., Repl.1980) (repealed and recodified at § 9–12–1–4 (Burns Supp.1984)).[1] On appeal he argues the trial court erred in admitting, over his objection, State's Exhibit 1, a purported certified copy of his driving record and abstracts of convictions. James claims the exhibit did not comply with the provisions of Ind.Code Ann. § 9–4–13–7 (Burns Code Ed., Repl. 1980)[2] in that the signature of the attesting official, the Commissioner of Motor Vehicles, was affixed by an inked stamp. He further argues the error constitutes reversible error because the exhibit is the only evidence that he had suffered three convictions as required under Ind.Code § 9–4–13–3.

We affirm.

---

**1.** Ind.Code Ann. § 9–4–13–3 states in relevant part:

"As used in this chapter: (a) 'Habitual traffic offender' means any person who, within a ten-year period, accumulates convictions of the number and type specified in subdivisions (1), (2), (3), and (4) of this definition. In determining the ten-year period, at least one of such offenses must occur after August 31, 1972.

.     .     .     .     .

(2) Three [3] or more convictions, singularly or in combination, not arising out of the same incident, of the following offenses:
(A) Violating IC 9–4–1–54; ...."

**2.** Ind.Code Ann. § 9–4–13–7 states:
"The documents certified by the commissioner shall be admissible as evidence. The certified abstracts shall be prima facie evidence that the person named therein was duly convicted of the charge, or charges, stated in the abstract."

The trial court did not err in admitting State's Exhibit 1 into evidence.

 Just as it is not necessary to the validity of a signature to a jurat that it be made with pen and ink or any other specific instrument, *Zoller v. State*, 189 Ind. 114, 126 N.E. 1 (1920), so, too, we are convinced it is not necessary to the validity of a signature to a certification statement that it be made with pen and ink or any other specific instrument. Indeed, we concur with this court's opinion in *Ashwell v. Miller*, 54 Ind.App. 381, 103 N.E. 37 (1913), where it is said:

> "[A] signing or subscribing may legally be done by another for the party to such instrument, if done at his request, and ... it may be done with pen and ink, pencil, stamp, stencil, typewriter or type...."

54 Ind.App. at 386, 103 N.E. 37.

Also, the signature, however affixed, is clothed with a presumption the certifying officer stamped it as his signature or that it was stamped with his authority, *id.*, unless the record affirmatively shows evidence to the contrary. *See Kolar v. City of LaPorte*, 136 Ind.App. 199, 198 N.E.2d 878 (1964); *Pursley v. Hisch*, 119 Ind.App. 232, 85 N.E.2d 270 (1949).

We agree with the North Dakota decision in *State v. Obrigewitch*, 356 N.W.2d 105 (N.D.1984). In *Obrigewitch*, the defendant claimed error in the trial court's admission of his driving record and order of suspension because the certification accompanying them included a signature stamped in script of the director of the Drivers License Division of the State Highway Department. In holding the trial court's action was not erroneous, the supreme court said:

> "By so concluding we intend to further the policy of avoiding waste of time and money that would result in requiring manual signing of every record certified from the Drivers License Division."

356 N.W.2d at 108.

Thus, we hold that absent evidence to the contrary, the trial court should presume that what purports to be an official signature certifying a document is in fact a valid signature even if the signature is a stamped facsimile.

In the instant case James failed to present any evidence going to the issue of genuineness of State's Exhibit 1, but instead attacked only the method of certification of those documents by the Commissioner of Motor Vehicles. In fact, during his examination by the State, James admitted he had had three convictions for driving under the influence on or after May 25, 1972.[3] This evidence not only corroborated the contents of the disputed exhibit but also would have had the effect of rendering any error in its admission harmless. Any error in the admission of evidence over objection is harmless error if the same evidence is received without objection. *Moody v. State*, 448 N.E.2d 660 (Ind.1983); *Coffey v. Wininger*, 156 Ind.App. 233, 296 N.E.2d 154 (1973).

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

3. "Q. In the past 10 years, how many times have you been convicted for driving under the influence?
A. I don't know.
Q. More than once?
A. Yeah.
Q. More than twice?
A. Yeah, I had, more than twice.
Q. More than three times?
A. I know of three, but one of 'em has been demolished.
Q. What do you mean by 'been demolished'?
A. Well, I think that first one was back in '73 or something, and it's been over 10 years. Now, that was to my recollection. I could be wrong I don't know."
Record at 58–59.
Thus, James admitted three convictions occurring within ten (10) years of May 25, 1982, the date the affidavit charging him with being a habitual traffic offender was filed.