**Ricky Dean JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 79S00–9209–CR–702.**

Supreme Court of Indiana.

Oct. 26, 1993.

Rehearing Denied Jan. 11, 1994.

---

Steven P. Meyer, Merritt, Troemel, Meyer & Hamilton, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., for appellee.

GIVAN, Judge.

Appellant was convicted of Attempted Murder, Battery While Armed with a Deadly Weapon, Battery Resulting in Serious Bodily Injury, and Criminal Recklessness Resulting in Serious Bodily Injury. He also was found to be a habitual offender. The trial court found the Battery and Criminal Recklessness charges merged with the Attempted Murder charge. Appellant was sentenced to forty (40) years on the Attempted Murder charge which was enhanced by thirty (30) years due to appellant's status as a habitual offender.

The facts are: Appellant and his brother, Toby Johnson, were attending a party. During the course of the party, an argument developed between the brothers. When the fight became physically violent, the other guests tried to separate them and required them to leave the party. However, as the brothers exited the house, they continued to fight. During the fight, appellant pulled a long serrated knife from a leather pouch and stabbed his brother four times.

One stab wound was below the brother's left nipple, where the blade had gone through his diaphragm, missing his heart by one-quarter inch. Another wound pierced the brother's abdominal wall. When he arrived at the hospital, internal tissue was protruding from the wound. The other two wounds were less life threatening. One was below the brother's eleventh rib, over his kidney, and the other was behind his left hip. One of the deeper wounds to the chest caused the collapse of the brother's left lung.

Appellant claims there is insufficient evidence to support a verdict of guilty of attempted murder. He argues that there was no evidence that anyone heard him threaten to kill his brother or at any time state any intention of doing so. The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or serious bodily injury. *Wesby v. State* (1990), Ind., 550 N.E.2d 321; *Underwood v. State* (1989), Ind., 535 N.E.2d 118. In a prosecution for attempted murder, there must be a showing of a

specific intent to kill. *Spradlin v. State* (1991), 569 N.E.2d 948.

In the case at bar, the jury was presented with the fact of the use of a long-bladed serrated knife to inflict multiple stab wounds, which narrowly missed the victim's heart, perforated the diaphragm, and caused the collapse of the left lung. There is ample evidence in this case to support the jury's finding that at some point during the fight, the defendant determined to kill his brother. The fact that the brother survived the onslaught is by pure chance beyond the control of appellant considering the severity of the wounds repeatedly inflicted. We find there is ample evidence to support the verdict of attempted murder.

■ Appellant contends there is insufficient evidence to support the finding that he is a habitual offender. He claims the seal of the Clerk of the Montgomery Circuit Court on the documents purporting to establish two prior felonies was insufficient. He contends that rather than containing a statement of attestation that the documents were true and complete copies of the records, the documents merely contained a stamp from the Clerk's office that they were certified copies of the court's record.

He also challenges the documents because the Clerk's signature was a stamped signature rather than one written by the hand of the Clerk or a qualified representative of that office. Among other cases, appellant cites *Kelly v. State* (1990), Ind., 561 N.E.2d 771. However, the case at bar differs in fact from the *Kelly* case. In *Kelly*, not only were the papers presented photographic copies of the original records, but the purported certificate of the Clerk also was a photographic copy of a certificate. This Court held that the certificate should be an original even though the papers being certified could be a photographic copy.

In the case at bar, the certification by the Clerk is original. We have held that a certification is proper even though it does not conform verbatim to the language of the statute. *Golden v. State* (1985), Ind., 485 N.E.2d 51; *see also Mayes v. State*

(1984), Ind., 467 N.E.2d 1189; *Barnett v. State* (1981), Ind., 429 N.E.2d 625. Once a Clerk has certified that papers are "certified copies," the adding of the words "true and complete" is in a sense a redundancy. If the papers are certified copies, it naturally follows that they are true and complete.

■ Appellant's contention that the signature of the Clerk is not adequate because it is a stamped signature, is to no avail. In *James v. State ex rel. Com'r of Motor Vehicles* (1985), Ind.App., 475 N.E.2d 1164, our appellate court in a well-written opinion followed the long-established principle of law in this State that

"[I]t is not necessary to the validity of a signature to a certification statement that it be made with pen and ink or any other specific instrument. Indeed, we concur with this court's opinion in *Ashwell v. Miller*, 54 Ind.App. 381, 103 N.E. 37 (1913), where it is said: '[A] signing or subscribing may legally be done by another for the party to such instrument, if done at his request, and ... it may be done with pen and ink, pencil, stamp, stencil, typewriter or type....' 54 Ind. App. at 386, 103 N.E. 37." *Id.* 475 N.E.2d at 1166.

We find that the certification in this case is adequate. The trial court did not err in admitting the proof of appellant's prior felony convictions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.