**Freddie A. FORD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9409–IF–563.**

Court of Appeals of Indiana,
Second District.

May 23, 1995.

---

Carl A. Salzmann, Bloomington, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

1. Ind.Code 9–21–5–2(2).

## OPINION

FRIEDLANDER, Judge.

Freddie A. Ford appeals his conviction of Speeding,[1] a class C infraction. Upon appeal, Ford contends that the court erred in denying his motion to dismiss, which Ford argues was sustainable upon multiple grounds.

We affirm.

On March 23, 1994, Officer Ronald Pritchard of the Indiana State Police observed Ford operating his vehicle in excess of the 55 m.p.h. speed limit while travelling northbound on I–465 in Marion County. Officer Pritchard stopped Ford and issued a traffic citation charging Ford with operating his vehicle at 69.3 m.p.h. The citation itself was a standard form citation issued for traffic infractions and included the time, location, and nature of the infraction, as well as the date, place, and time of a court appearance should such become necessary.

Ford "does not deny his guilt, nor raise herein any irregularities with the trial itself." Appellant's Brief at 3. Rather, Ford argues that the case should have been dismissed upon his motion without regard to the merits of the charge against him. All but one of the reasons enumerated by Ford in support of his contention call into question the sufficiency of the uniform traffic citation and its adequacy as a complaint and summons. We restate Ford's specific complaints as follows:

1. The citation did not contain the signature of an attorney representing the State, and did not contain the attorney's address, telephone number, or attorney number, all of which contravenes Trial Rule 11(A) of the Indiana Rules of Trial Procedure.

2. The citation did not contain the time within which Ford was to respond, and a clear statement that in case of his failure to do so, default judgment would be entered against him, in contravention of T.R. 4(C)(5).

3. The Clerk did not examine, date, sign, and affix his seal to the summons and issue and deliver the papers to Ford, in contravention of T.R. 4(B).

4. The citation did not reflect return of summons, in contravention of T.R. 4.15(A)(1).

5. In denying Ford's motion to dismiss, the court did "not specifically [cite] any statute or case law in reaching its conclusions pursuant to Indiana Rules of Trial Procedure, Trial Rule 52." Appellant's Brief at 10.

Ford's appeal essentially presents the question of whether the traffic citation issued to him complies with the requirements of T.R. 4, T.R. 4.15, and T.R. 11. These rules set out the requirements for the preparation and form of a summons, the return and proof of service of a summons, and require an attorney's signature to verify a pleading. Ford cites *Terpstra v. State* (1988), Ind.App., 529 N.E.2d 839 in support of the proposition that "a speeding ticket is civil in nature and therefore the rules of trial procedure must strictly apply." Appellant's Brief at 7. Ford reasons that the lack of an attorney's actual signature, address, and telephone number, the lack of the Clerk's seal, and the lack of a return of the summons are fatal in the instant case because such are strictly required by the trial rules set out above.

■ In *Terpstra,* the defendant was charged by criminal information with committing multiple traffic infractions and was served with a summons. The *Terpstra* court noted that proceedings for traffic infractions are civil in nature, citing Ind.Code 34–4–32–1(c)(1), which states that such actions "shall be conducted in accordance with the Indiana Rules of Trial Procedure." However, IC 34–4–32–1(e) further clarifies that "the complaint and summons described in IC 9–30–3–6 may be used for any infraction or ordinance violation." Thus, it is apparent that the legislature intended that legal proceedings for traffic infractions be conducted consistent with the Indiana Rules of Trial Procedure, but also that the forms set out in IC 9–30–3–6 satisfy requirements with regard to the information, complaint, and summons.

■ We do not perceive an inconsistency between the requirement in IC 34–4–32–1(c)(1) of adherence to the trial rules and the provision in IC 34–4–32–1(e) that the forms set out in IC 9–30–3–6 satisfy the requirements in question. Rather, subsection (e) merely clarifies how the requirement set out in subsection (c)(1) may be satisfied with respect to the form and content of a complaint and summons. However, even if subsections (e) and (c)(1) are viewed as conflicting, the more specific provisions of subsection (e) prevail over the general provisions of subsection (c)(1). *See Houtchens v. Lane* (1965), 246 Ind. 540, 206 N.E.2d 131. We next examine Ford's traffic citation to determine whether it complies with IC 9–30–3–6.

According to IC 9–30–3–6(c), the complaint form set out in subsection (b) shall be used in traffic cases where the charge is made by a law enforcement officer. A comparison of the subsection (b) form with the form of the citation in the instant case reveals only one significant difference. The form in subsection (b) contains a line below the police officer's signature and information which appears as follows:

"Subscribed And Sworn to Before Me

(Deputy Clerk) ⎯⎯⎯⎯⎯⎯"

In the instant case, on the other hand, the line below the officer's information appears as follows:

"Approved by: [mechanically affixed signature of] J. Modisett, 19th Judicial Circuit" *Record* at 1.

■ Ford contends that the mechanically affixed signature of the prosecutor does not satisfy the attestation requirement because "there is no reason to believe, in Marion County where the traffic tickets are legion, that Jeffrey Modisett had ever seen this ticket. Nor is there any reason to believe that his signature, in good faith, constituted his knowledge and belief of the grounds contained in the ticket." Appellant's Brief at 6. This argument has been rejected in a related context.

In *James v. State ex rel. Com'r of Motor Vehicles* (1985), Ind.App., 475 N.E.2d 1164, a defendant appealed a determination that he was an habitual traffic offender based upon the contention that a copy of the defendant's driving record which was entered into evidence bore a stamped signature, rather than the actual signature, of the Commissioner of

Motor Vehicles. The applicable statute required that the document be "certified by the commissioner." Ind.Code 9–4–13–7. The court noted that "[A] signing or subscribing may legally be done by another for the party to such instrument, if done at his request, and ... it may be done with pen and ink, pencil, stamp, stencil, typewriter or type...." *id.* at 1166 (quoting *Ashwell v. Miller* (1913), 54 Ind.App. 381, 103 N.E. 37). The court also noted that, where applicable, the law presumes the certifying officer authorized the stamping of his signature unless the record affirmatively contains evidence to the contrary.

In *James*, the court approved the use of a document which bore a mechanically stamped attestation signature. The court rejected an argument advanced by Ford in the instant case, i.e., that such attestations are invalid if circumstances indicate that the signatory could not or did not have actual knowledge of the contents of the document in question. We agree with the *James* court's rationale in rejecting the argument and find the principle expressed therein equally applicable in the instant case:

> "By so concluding we intend to further the policy of avoiding waste of time and money that would result in requiring manual signing of every record certified from the Drivers License Division." *Id.* at 1166 (quoting *State v. Obrigewitch* (1984), N.D., 356 N.W.2d 105, 108).

Ford himself has acknowledged that the number of traffic citations issued in Marion County is substantial. We discern no benefit in requiring a deputy clerk or other official to review and sign every ticket. To the contrary, such would result in a waste of time and resources without any attending benefit.

We conclude that the mechanically stamped signature of the prosecutor as it appears on the citation in the instant case complies with the attestation requirement reflected in the model form appearing in IC 9–30–3–6(b). In all other respects, the form of the citation issued to Ford is the same as the model form set out in IC 9–30–3–6(b). Therefore, the citation complies with the requirements of the applicable statutes and

trial rules and the trial court did not err in denying Ford's motion to dismiss.

Ford argues that the trial court erred in denying the motion to dismiss "by not specifically citing any statute or case law in reaching its conclusions pursuant to Indiana Rules of Trial Procedure, Trial Rule 52." Appellant's Brief at 10. Ford has failed to accompany his legal argument upon this issue with citation to authority, including most notably authority identifying a provision of T.R. 52 that requires entry of written findings in the instant case. Our research reveals no such provision or authority. Trial Rule 52 requires that special findings be entered by the court in certain circumstances, none of which apply in the instant case.

Judgment affirmed.

SULLIVAN, J., concurs in result with separate opinion.

ROBERTSON, J., concurs.

SULLIVAN, Judge, concurring in result.

The principle focus of appellant's argument seems to be directed to the facsimile signature affixed to the Uniform Traffic Ticket by the Marion County Prosecutor as opposed to an actual signature. I fully agree with the majority that a facsimile signature is adequate when a signature is required. However, I fail to find any requirement in I.C. 9–30–3–6(b) that the prosecutor's signature need be affixed at all. Rather, the statute requires that the police officer's signature be subscribed and sworn to by the clerk or a deputy clerk. In this sense it would appear that the absence of a deputy clerk's jurat subjects the Uniform Traffic Ticket to attack but appellant here has not made an attack upon that basis.

It may be that because traffic infractions are civil in nature, the signature of the prosecuting attorney as the attorney for the State is intended to satisfy any requirement that the "complaint" be signed by an attorney of record. *E.g.,* Ind.Trial Rule 11(a). It may also be true that some authorization is desired before the Uniform Traffic Ticket may be formalized so as to trigger the judicial process. It is quite possible that traffic infractions are not to be prosecuted solely upon

the traffic officer's statement or allegation. If it is intended otherwise, the General Assembly is free to so provide. Until such time, however, the statutes and rules *now in place* must provide our guidance.

Although the deputy clerk's jurat is not contained on the Uniform Traffic Ticket here, the prosecutor's facsimile signature lends some officiality and validation. For this reason, I agree with the majority that the appellant has demonstrated no prejudicial reversible error.