Jonathan HAMILL, Appellant–
Defendant,

v.

CITY OF CARMEL, Indiana,
Appellee–Plaintiff.

No. 29A05–0012–CR–564.

Court of Appeals of Indiana.

Oct. 18, 2001.

---

Thomas Hamill, Indianapolis, IN, Attorney for Appellant.

Douglas C. Haney, Carmel City Attorney, Carmel, IN, Attorney for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Jonathan Hamill appeals the decision of the Hamilton Superior Court enforcing a money judgment for $175.00. This appeal arises after a trial *de novo* held in the Superior Court, which trial Hamill requested after a proceeding in the Carmel City Court where he was found in violation of City Ordinance 8–02, speeding. Hamill contends a failure of personal jurisdiction requires vacation of the money judgment against him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 12, 1999, Hamill was driving westbound on 96th Street in Carmel, Indiana. Officer Schmidt of the Carmel Police Department activated his radar unit and determined that Hamill was traveling 51 m.p.h. in a posted 30 m.p.h. zone. Officer Schmidt briefly detained Hamill and served him with a complaint and summons to appear in Carmel City Court to respond to the speeding violation.

Hamill did not appear for the initial hearing in Carmel City Court. He later filed an appearance and Consolidated Motion to Dismiss and Brief in Support of Motion to Dismiss, asserting that the City Court did not have jurisdiction over his person due to insufficient service of process. The City Court denied his Motion, and after a hearing, entered judgment for the City on the speeding ticket. Hamill requested a trial *de novo* in the Superior Court under Ind. Trial De Novo Rule 2, Trial De Novo Following Judgment In City or Town Court. Hamill was found to have violated the ordinance, and judgment for the City was entered in the amount of $175.00.

## STANDARD OF REVIEW

Because the trial court, *sua sponte*, entered specific findings of fact and conclusions of law, the specific findings control only with respect to the issues they cover and the general judgment will control as to the issues upon which the court has not found. *Catellier v. Depco, Inc.*, 696 N.E.2d 75, 77 (Ind.Ct.App.1998). We may not reverse the trial court's findings unless they are clearly erroneous. *Id.* The general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial. *Id.* In our review, we will consider only the evidence that is most favorable to the trial court's judgment and will not weigh the evidence or judge the credibility of witnesses. *Id.*

## DISCUSSION AND DECISION

Hamill asserts "[t]he entry of a money judgment against Hamill is void and must be set aside because the trial court had not acquired jurisdiction over the person of Hamill." (Br. of Appellant at 4.) He lists five deviations from the statute that he argues render the Complaint and Summons a nullity: 1) failure to check the box

for "Information and Summons" (Ind.Code § 9–30–3–6(a)) or "Complaint and Summons" (Ind.Code § 9–30–3–6(b)) listed on the speeding ticket as an election between the two available statutory forms combined in one instrument; 2) failure by the officer at the scene to indicate the day of the week of the hearing setting on the matter; 3) the use of boxes rather than blanks and a "misleading numerical description of 'day/month/year' which is misread by the average citizen as 'month/day/year' on the ticket form." (Br. of Appellant at 10); 4) failure to obtain Hamill's signature on the ticket at the scene of the stop along with the absence of the warning "YOUR SIGNATURE IS NOT AN ADMISSION OF A VIOLATION"; and 5) the officer's failure to sign the instrument in front of a deputy clerk.

Ind.Code § 9–30–3–6(b) provides, in relevant part, that:

(b) In civil traffic cases, the complaint and summons shall be in *substantially* the following form:

In the _____ Court of _____ County
Cause No. _____ Docket No. _____
Page No. _____
State of Indiana
  SS:      No. _____
County of _____
    COMPLAINT AND SUMMONS
The undersigned having probable cause to believe and being duly sworn upon his oath says that:
On the _____ Day of _____, 19__ at _____
Name

| Last | First | Middle |
|------|-------|--------|

Street

| City _____ State _____ Zip Code ____ |
|---|

Race _____ Sex _____ Age ____ D.O.B.
_____ HT ____ WT ____
Oper. Lic. # _____ St. _____ Did
Unlawfully Operate Veh. Color _____
Veh. Yr. ____ Veh. Make _____ Veh.
Lic. Yr. ____ Veh. Lic. St. _____ Veh.
Lic. # _____
Upon

A PUBLIC STREET OR HIGHWAY IN

COUNTY, INDIANA, AND COMMIT, THE OFFENSE OF:

CONTRARY TO THE FORM OF THE ( ) STATE
STATUTE ( ) LOCAL ORDINANCE IN SUCH CASE MADE AND PROVIDED.
OFFICER'S SIGNATURE

I.D. No. _____ Div. Dist. _____
POLICE               AGENCY

Subscribed And Sworn to Before Me (Deputy Clerk)

This _____ Day of ____, 19__
    COURT APPEARANCE
I PROMISE TO APPEAR IN

COURTROOM

ADDRESS:

ON ____ THE ____ DAY OF ____, 19__
AT ____ M. OR BE SUBJECT TO ARREST. SIGNATURE

"YOUR SIGNATURE IS NOT AN ADMISSION OF A VIOLATION"

The complaint and summons shall consist of four (4) parts:

(1) the original copy, printed on white paper, which shall be the abstract of court record for the Indiana bureau of motor vehicles;

(2) the court copy, printed on white paper;

(3) the police record, which shall be a copy of the complaint, printed on pink paper; and

(4) the summons copy, printed on white stock.

*Id.* (emphasis supplied).

       Hamill contends, despite the explicit language of the statute requiring the complaint and summons to be in "substantially" the statutory form, that strict compliance with this statute is required for effective service of process and valid per-

sonal jurisdiction [1] of the trial court. It is not, and we find the City substantially complied with the statutory requirements.

We noted in *Ford v. State*, 650 N.E.2d 737, 739 (Ind.Ct.App.1995), that "it is apparent that the legislature intended that legal proceedings for traffic infractions be conducted consistent with the Indiana Rules of Trial Procedure, but also that the forms set out in I.C. § 9–30–3–6 satisfy requirements with regard to the information, complaint, and summons." Ford, like Hamill, petitioned this court to review a traffic citation form. He complained that the citation lacked the signature of an attorney representing the state, that the attorney's address, telephone number, or attorney number were not present, that the citation did not contain the time within which Ford was to respond and did not indicate that his failure to do so would result in a default judgment against him, and he made other similar arguments. We determined there was only one "significant" difference between Ford's citation and the statutory form—the attestation requirement on Ford's citation was satisfied by the mechanically-affixed signature of the prosecutor instead of the signature of the deputy clerk. *Id.* We noted we had previously approved such mechanically-stamped signatures on other official documents, and found the prosecutor's mechanically-stamped signature complied with the statutory requirement of a deputy clerk's signature. *Id.*

In *Kirts v. State*, 689 N.E.2d 756 (Ind. Ct.App.1997), Kirts argued the lack of a court clerk's signature on his speeding ticket required its dismissal. We found Kirts had waived that argument because he did not object promptly, but also noted he had not been prejudiced by that "formal defect" because he had not been misled as to the nature of the offense charged. *Id.* at 758.

▪ The City's traffic citation was "substantially" in the required statutory form, and none of the defects Hamill points to could have misled him as to the nature of the offense charged. Substantial compliance with statutory requirements means compliance to the extent necessary to assure the reasonable objectives of the statute are met. *See, e.g., Indiana Dep't of Pub. Welfare v. Clark*, 478 N.E.2d 699, 702 (Ind.Ct.App.1985), *overruled on other grounds, see George v. Hatcher*, 527 N.E.2d 199, 200 (Ind.Ct.App.1988) (substantial compliance with tort claims act requires that the purpose of the notice requirement be served and that the claimant comply with his affirmative duty of delivering some writing to the agency).

None of the technical defects Hamill alleges—missing check marks, the form of the hearing date, the missing deputy clerk signature, or the absence of his signature on the "promise to appear" line—had the effect of preventing the reasonable objectives of the statute at issue here from being met. The apparent purpose of the form for traffic information and summons in Ind.Code § 9–30–3–6 is to inform the offender of the nature of the traffic violation and to indicate to the offender when he is to appear in court. The form the officer provided to Hamill explicitly stated Hamill committed the offense of "exceed-

---

1. Hamill asserts "these five (5) discrepancies/omissions operate as a matter of law to deprive the trial court of jurisdiction over the person of Hamill." He favors us with no argument, explanation or legal authority to support his premise that a variance from the statutory form, without more, results in a lack of jurisdiction. Accordingly, this allegation of error is waived. *Young v. Butts*, 685 N.E.2d 147, 151 (Ind.Ct.App.1997). The waiver notwithstanding, we find the City's traffic citation was, as the statute requires, "substantially" in the proper form.

ing posted speed limit" (R. at 17) by driving fifty-one miles per hour where the speed limit was thirty miles per hour. It directed him to appear in court on November 4, 1999 and listed the address of the court. The citation was in substantially the required form, and we decline Hamill's invitation to vacate the judgment against him because of purely technical defects.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.