**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 15 2013, 8:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID PAUL ALLEN**
Hammond, Indiana

ATTORNEYS FOR APPELLEE:

**STEVEN J. SERSIC**
**KEVIN C. SMITH**
**KRISTINA KANTAR**
Smith, Sersic
Munster, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HUGO TORRES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1210-OV-430 |
| | ) | |
| CITY OF HAMMOND, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Sheila M. Moss, Judge
Cause No. 45D08-1109-OV-03183

May 15, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Hugo Torres appeals the trial court's denial of his motion to dismiss. We affirm.

## ISSUE

Torres presents one issue for our review, which we restate as: whether the trial court erred by denying Torres' motion to dismiss for lack of personal jurisdiction.

## FACTS AND PROCEDURAL HISTORY

In June 2010, the City of Hammond ("City") filed a citation for municipal ordinance violations against Torres for alleged violations occurring on his property. On August 25, 2011, following a bench trial, the Hammond City Court entered final judgment against Torres on eight of the eleven counts alleged in the citation and imposed a fine of $100 on each count, plus court costs.

Dissatisfied with the result in the city court, Torres filed his request for trial de novo in the Lake County Superior Court on September 1, 2011. There, Torres filed a motion to dismiss for lack of personal jurisdiction on November 29, 2011. On December 14, 2011, the court entered an order finding it did have jurisdiction and stating that it would take all remaining matters under advisement. Subsequently, on September 24, 2012, in response to Torres' request for a ruling on the remaining issues of his motion to dismiss, the court entered an order denying Torres' motion to dismiss and held a bench trial on the matter. Following the bench trial, the court ruled in favor of the City on six counts and assessed a $50 fine on each count in addition to court costs. Torres now appeals the trial court's denial of his motion to dismiss.

DISCUSSION AND DECISION

Torres contends that the trial court erred by denying his motion to dismiss for lack of personal jurisdiction. When a person attacks the court's jurisdiction over him, he bears the burden of proof upon that issue by a preponderance of the evidence, unless the lack of jurisdiction is apparent upon the face of the complaint. *Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 48 (Ind. Ct. App. 2005). When reviewing a motion to dismiss for lack of personal jurisdiction, we apply a de novo standard of review. *Id.*

Torres contends that the trial court erred by denying his motion to dismiss because the city court lacked personal jurisdiction over him. Particularly, Torres claims that the citation issued to him by the City was inadequate as a complaint and summons such that the city court did not acquire jurisdiction over him. In support of this argument, he lists three inadequacies of the citation: (1) the citation did not contain the signature of the plaintiff or its attorney as required by Trial Rule 11(A); (2) the citation did not contain a caption as required by Trial Rule 10(A); and (3) the citation did not contain a proper summons signed by the Clerk as required by Trial Rules 4(B) and (C).

Proceedings for the violation of a city ordinance are civil in nature. *Jewell v. City of Indianapolis*, 950 N.E.2d 773, 777 (Ind. Ct. App. 2011). To that end, Indiana Code section 34-28-5-1(d)(1) (2009) states that such actions shall be conducted in accordance with the Indiana Rules of Trial Procedure. Subsection (f) of this statute further clarifies that the complaint and summons described in Indiana Code section 9-30-3-6 (2007) may be used for any infraction or ordinance violation.

3

Under a prior version of Indiana Code section 34-28-5-1, a panel of this Court determined that "it is apparent that the legislature intended that legal proceedings for traffic infractions be conducted consistent with the Indiana Rules of Trial Procedure, but also that the forms set out in IC 9-30-3-6 satisfy requirements with regard to the information, complaint, and summons." *Ford v. State*, 650 N.E.2d 737, 739 (Ind. Ct. App. 1995). Here we note that although the Court in *Ford* specifically referred to traffic infractions, the rationale applies equally to ordinance violations as both types of actions are referred to and treated equally in Indiana Code subsections 34-28-5-1(d) and (f). In addition, the *Ford* Court explained that although Indiana Code subsections 34-28-5-1(d)(1) and (f) appear to be inconsistent due to the requirement of adherence to the trial rules in one and the declaration that the forms in Indiana Code section 9-30-3-6 are sufficient in the other, they are not conflicting. The Court determined that, even if these statutory subsections are viewed as conflicting, the more specific provisions of subsection (f) prevail over the general provisions of subsection (d)(1). *Id.*

Indiana Code section 9-30-3-6(c) states that "the complaint and summons shall be in substantially the following form." We have previously determined that, based upon the word "substantially" as used in the statute, strict compliance with the statutory form is not required. *Hamill v. City of Carmel*, 757 N.E.2d 162, 164-65 (Ind. Ct. App. 2001), *trans. denied*. Rather, substantial compliance, which has been defined as "compliance to the extent necessary to assure the reasonable objectives of the statute are met," is required. *Id.* at 165.

4

In the instant case, Torres complains first that the citation did not contain the signature of the plaintiff or its attorney as required by Trial Rule 11(A). We note that the statutory form supplied in Indiana Code section 9-30-3-6 does not require a signature by the plaintiff or its attorney but rather contains a place for an officer's signature. The citation issued to Torres did not contain a signature but did contain the name and phone number of the city inspector.

Secondly, Torres asserts that the citation did not contain a caption containing the name of the court, the title of the action, the file number, the names of the parties, and a designation such as "complaint," as required by Trial Rule 10(A). The statutory form, on the other hand, contains the name of the court and the county, the cause or docket number, the name of the party to whom the ticket is being issued, and the title "Complaint and Summons." *See* Ind. Code § 9-30-3-6(c). Similarly, the citation issued to Torres indicates that the matter is to be heard in the Hammond City Court, the citation is titled "City of Hammond Notice of Municipal Ordinance Violation Citation," and below the title, it states: "TO: HUGO TORRES, 1014 REESE ST, WHITING, IN 46394." Appellant's App. p. 7.

Finally, Torres claims that the citation did not contain a summons including the signature of the Clerk; name and address of the person being served; name, address, and phone number of the court; cause number; title of the case; name, address, and phone number of party seeking service; time period within which to respond and notice of judgment by default for failing to do so all as required by Trial Rules 4(B) and (C). The

5

statutory form contains a place for a clerk's signature, name and address of the person being served, name of the court, cause number, and a place for the officer's signature. As we have already discussed, the citation issued to Torres contained his name and address, the name and address of the court, and the name and phone number of the city inspector. Although the citation did not contain a clerk's signature, we note that only substantial, not strict, compliance with the statutory requirements is needed. *See Hamill*, 757 N.E.2d at 165. Moreover, Torres has not alleged, and we do not find, that this technical defect misled him as to the nature of the offense charged. We fail to see how Torres was prejudiced by the lack of this signature. *See Kirts v. State*, 689 N.E.2d 756, 758 (Ind. Ct. App. 1997) (stating that where speeding ticket lacked clerk's signature, dismissal not required because offender had not been misled as to nature of offense charged and was not prejudiced by formal defect).

Thus, the citation issued to Torres substantially complied with the statutory requirements. That is to say, none of the technical defects alleged by Torres, including the lack of a clerk's signature, had the effect of preventing the reasonable objectives of Indiana Code section 9-30-3-6 from being met. The purpose of the form set forth in Indiana Code section 9-30-3-6 is to inform the offender of the nature of the violation and to indicate to the offender when he is to appear in court. *Hamill*, 757 N.E.2d at 165. The citation received by Torres is titled "Notice of Municipal Ordinance Violation Citation" and is addressed to Torres with his full name and address. Appellant's App. p. 7. Additionally, it lists and describes each of the eleven alleged violations and informs

6

Torres that he has ten days to bring the property into compliance. It also states the possible results of failing to bring the property into compliance. The citation further states the name of the court, the address of the court, and the date and time of Torres' court date. Finally, the citation contains the inspector's name and phone number and instructs questions to be directed to the inspector.

Torres calls for strict compliance with the trial rules; however, that is not the standard. The standard is substantial compliance with the statute. The citation here was in substantial compliance with the required statutory form and clearly informed Torres of the alleged violations, the time and date for his court appearance, and the address of the court. The citation also provided Torres with the name and number of a person to contact if he had questions. Thus, the form of the citation did not prevent the city court from obtaining personal jurisdiction over Torres. *See Hamill*, 757 N.E.2d at 164-65 (stating that strict compliance with Indiana Code section 9-30-3-6 is not required for effective service of process and valid personal jurisdiction of the trial court).

Torres' brief also hints at allegations that the trial court did not have personal jurisdiction. Dissatisfied with the result in city court, Torres filed a request for trial de novo in the Lake County Superior Court pursuant to Trial De Novo Rule 2(A). With regard to such a request, Trial De Novo Rule 2(C) states:

> The clerk of the circuit court shall docket and assign the request to a circuit or superior court as an infraction or ordinance violation proceeding. The court to which the request is assigned has **full jurisdiction** of the case and **of the person of the defendant from the time the request for the trial *de novo* is filed with the clerk of the circuit court**.

7

(Emphasis added). Therefore, Torres submitted himself to the jurisdiction of the trial court when he filed his request for trial de novo on September 1, 2011.

In addition, Torres appears to argue that the City's alleged failure to comply with Trial De Novo Rule 2(E) requiring the municipal counsel to file a duplicate ordinance complaint and summons with the clerk of the circuit court in some way affects the court's jurisdiction over him. The filing required by Trial De Novo Rule 2(E) does not bestow upon the court jurisdiction over Torres. Rather, as previously stated, jurisdiction was established immediately upon Torres' filing of his request with the clerk. *See* Trial De Novo Rule 2(C). Trial De Novo Rule 2(E) merely provides the trial court with information about the action and/or gives the trial court an indication as to whether the city plans to proceed with the action in the trial court. Further, we note that Torres provided a copy of the citation for municipal ordinance violations to the clerk when he submitted it as Exhibit B to his request for trial de novo. *See* Appellant's App. pp. 7-8. Moreover, Torres cites no case law in support of his assertion, and he claims no harm or prejudice from this alleged error.

## CONCLUSION

For the reasons stated, we conclude that the trial court did not err by denying Torres' motion to dismiss.

Affirmed.

NAJAM, J., and BAILEY, J., concur.