

**FILED**

Apr 19 2017, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

 APPELLANT PRO SE

Philip R. Davis
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Philip R. Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 19, 2017

Court of Appeals Case No.
02A05-1609-IF-2026

Appeal from the Allen Superior
Court

The Honorable John F. Surbeck,
Jr., Judge
The Honorable Jason C. Custer,
Magistrate

Trial Court Cause No.
02D06-1605-IF-7263

**Baker, Judge.**

[1] Philip Davis appeals following a judgment against him for the civil infraction of speeding. He argues that the trial court erred by denying his motion to dismiss and that the trial court made erroneous evidentiary rulings. Finding no reversible error, we affirm.

## Facts

[2] Around 6:00 p.m. on May 13, 2016, Fort Wayne Police Sergeant John Shank was on duty and observing traffic in an area with a speed limit of thirty miles per hour. Sergeant Shank noticed a red Cadillac driving southbound in the middle lane. The vehicle was driving faster than the cars on either side of it and had an expired license plate. Sergeant Shank's handheld radar unit showed that the vehicle was traveling at a speed of forty-nine miles per hour. He followed the vehicle and initiated a traffic stop.

[3] Sergeant Shank approached Davis, the driver of the Cadillac, and asked him for his license and registration. As for the expired license plate, Davis claimed that he had paid his license registration fees but had not yet received the tag back from the State. The sergeant gave Davis the benefit of the doubt on the expired license and then issued an electronic speeding ticket. The ticket had Sergeant Shank's name, badge number, and police agency electronically printed on it.

[4] On May 18, 2016, the State filed a complaint and summons alleging that Davis had committed the infraction of speeding. The complaint and summons also had Sergeant Shank's name, badge number, and police agency electronically printed on them, as well as a signature by the deputy prosecutor.

[5] On August 2, 2016, Davis filed a motion to dismiss, arguing that the case should be dismissed because Sergeant Shank's printed name on the ticket, complaint, and summons did not constitute a signature. The trial court denied the motion, finding that a non-electronic signature was not required by statute and that if there was a defect, it was a mere technicality that did not have the effect of preventing the reasonable objectives of the statutorily prescribed requirements from being met.

[6] Davis's jury trial was held on August 4, 2016. Before trial, Davis informed the trial court that he intended to introduce records of his vehicle's maintenance, which were dated after May 14, 2016. The State objected on relevance grounds, on grounds that the exhibit was not on any exhibit list, and on foundational grounds because no witness would be called to support the admission of the exhibit. The trial court sustained the State's objection. Davis did not attempt to introduce the exhibit at trial or make an offer of proof.

[7] At trial, Davis admitted that he was driving at a speed of forty-nine miles per hour in an area with a speed limit of thirty miles per hour. He insisted that he did this out of necessity because his vehicle was overheating at the time and he was attempting to get the vehicle home or to a mechanic. To address Davis's necessity defense, the State sought to elicit testimony from Davis regarding the type of specialty license plate he had. Davis wondered, "Can I ask the relevance of this?" Tr. p. 35. The State responded that it was relevant to the necessity defense, and the trial court permitted the question. Davis answered

the question and did not object. The jury found Davis liable for the infraction of speeding and did not order him to pay any damages. Davis now appeals.

# Discussion and Decision

## I. Motion to Dismiss

[8] Davis first argues that the trial court should have granted his motion to dismiss because the summons and complaint did not bear the sergeant's signature. A motion to dismiss under Trial Rule 12(B)(6) "tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015) (internal quotations omitted). We apply a de novo standard of review to a trial court's ruling on a Trial Rule 12(B)(6) motion to dismiss. *Id.*

[9] Indiana Code section 9-30-3-6 governs the contents of a traffic infraction summons and complaint. *See also* I.C. § 9-30-3-5.3 (stating that an electronic traffic ticket must contain the same content required in section 6 but it may be modified as necessary for the electronic format). Specifically with respect to civil traffic cases, the complaint and summons—and, consequently, the electronic traffic ticket—must include a variety of information, including the "officer's signature[.]" I.C. § 9-30-3-6(c). The statute does not specify what form the signature must take.

Another statute, while not directly relevant, provides some elucidation on the validity of electronic signatures. Indiana Code section 9-30-3-5.7(b) provides as follows:

> An electronic traffic ticket issued under this chapter that bears a printed or digital signature of:
>
> > (1) the law enforcement officer who issued the electronic traffic ticket; and
> >
> > (2) the prosecuting attorney, or a representative of the office of the prosecuting attorney, of the county in which the electronic traffic ticket was issued;
>
> is admissible in a court proceeding as if the signatures referred to in subdivisions (1) and (2) were original signatures.

In this case, the admissibility of the ticket itself is not at issue, so section 5.7 is not directly relevant. But this statute does suggest that the General Assembly accepts that electronic signatures can constitute original signatures.

Here, Davis seems to acknowledge that an electronic signature can be a valid signature, but insists that it should be formatted in such a way that it is differentiated from the rest of the text. According to Davis, "[t]he mere printing of a name, in the same type as the rest of the complaint and summons, is not a signature." Reply Br. p. 5. We find no authority in statutes or caselaw supporting this proposition.

[12] Initially, we note that it is well established that an original, personally-signed signature is not required under Indiana Code section 9-30-3-6. *See Ford v. State*, 650 N.E.2d 737, 740 (Ind. Ct. App. 1995) (holding that a mechanically stamped signature complies with the statute because "requiring manual signing of every record certified from the Drivers License Division" would be a "waste of time and money"); *James v. State ex rel. Comm'r of Motor Vehicles*, 475 N.E.2d 1164, 1166 (Ind. Ct. App. 1985) (same, observing that "the law presumes the certifying officer authorized the stamping of his signature unless the record affirmatively contains evidence to the contrary"). We hold that the same policy permitting the use of a mechanically stamped signature applies equally to the use of an electronic signature, especially where it is uncontested that the signing officer was the one who prepared, printed, and gave the ticket to the defendant.

[13] Furthermore, this Court has determined that, in the context of Indiana Code section 9-30-3-6, "[s]ubstantial compliance with statutory requirements means compliance to the extent necessary to assure the reasonable objectives of the statute are met." *Hamill v. City of Carmel*, 757 N.E.2d 162, 165 (Ind. Ct. App. 2001). And the reasonable objectives of this statute are to "inform the offender of the nature of the traffic violation and to indicate to the offender when he is to appear in court." *Id.* Therefore, no technical defect, such as missing check marks, the failure to obtain the defendant's signature at the scene of the stop, or the officer's failure to sign the instrument in front of a deputy clerk had the effect of preventing the reasonable objectives of the statute from being met. *Id.*

Here, it is undisputed that the ticket issued to Davis included all necessary information regarding the nature of his offense and when and where he was to appear in court to answer for it. The ticket also included Sergeant Shank's name, badge number, and police agency. While we do not find that Sergeant Shank's signature was required to take any certain form, even if there was such a requirement, the failure to meet it would have been a mere technicality. The electronic ticket here was in substantial compliance with statutory requirements such that the reasonable objectives of the statute were met. The trial court properly denied Davis's motion to dismiss.

## II. Evidentiary Rulings

Next, Davis raises two evidentiary arguments: (1) the trial court erred by excluding Davis's vehicle repair records from evidence; and (2) the trial court erred by permitting the State to question Davis about his specialty license plate. The decision to admit or exclude evidence rests within the sound discretion of the trial court. *Griffith v. State*, 31 N.E.3d 965, 969 (Ind. 2015). We will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misapplied the law. *Jimerson v. State*, 56 N.E.3d 117, 120 (Ind. Ct. App. 2016), *trans. denied*.

## A. Vehicle Repair Records

Davis contends that the trial court should not have excluded his vehicle repair records from evidence. Initially, we note that Davis has waived this argument by failing to make an offer of proof. Indiana Evidence Rule 103(a)(2) provides

that error may not be predicated on a ruling that excludes evidence unless "the substance of the evidence was made known to the court by a proper offer of proof, or was apparent from the context within which questions were asked." *See also Tibbs v. State*, 59 N.E.3d 1005, 1015 (Ind. Ct. App. 2016) (failure to make an offer to prove results in a waiver of the asserted evidentiary error on appeal), *trans. denied.* Here, because no offer to prove was made, we are unable to evaluate the actual documents that Davis insists should have been admitted and he has waived the argument.

[17] Davis has waived this argument in an additional way. At trial, when the State objected to this evidence, Davis's only response was that "I have no response except just trying to provide evidence for the Court to consider." Tr. Vol. II p. 4. On appeal, for the first time, Davis cites to the Rules of Evidence regarding relevance and the business records exception to hearsay to contend that the records were admissible. Because he failed to make these arguments to the trial court, he has waived them. *Griffin v. State*, 16 N.E.3d 997, 1006 (Ind. Ct. App. 2014).

[18] Waiver notwithstanding, Davis claims that the reason he was speeding on the day in question was because his vehicle was overheating and he had to drive at a high rate of speed to prevent the vehicle from reaching a higher temperature. At trial, Davis claimed that the records would show that repairs were made to

his vehicle "shortly after" or "days after" the traffic stop. Tr. Vol. II p. 4.[1] Consequently, the records would not be relevant to the condition of Davis's vehicle at the time of the traffic stop. Furthermore, there was no evidence introduced to tie the alleged overheating problem to the need to drive above the speed limit; thus, to the extent that the records did contain evidence that the vehicle was overheating at the time of the traffic stop, the evidence was not relevant in any event.[2] As a result, the trial court did not err by excluding this evidence.

## B. Specialty License Plate

[19] Finally, Davis argues that the trial court erred by permitting the State to question him about whether he has a specialty license plate. Specifically, the State elicited evidence that Davis has a DePauw University license plate. The State asserts that this evidence is relevant to rebut Davis's reasonable necessity defense to speeding.

[20] To establish a necessity defense, a defendant must show the following:

---

[1] On appeal, Davis has included maintenance records in the appendix. Appellant's App. p. 24. Because these records were not before the trial court, we will not consider them on appeal. We note, however, that the records were for maintenance dated August 2, 2016, nearly three months after the traffic stop occurred.

[2] Because we find that this evidence was not relevant, we need not address Davis's argument that it was admissible under the business records exception to the hearsay rule. We note briefly, however, that he did not seek to introduce a witness, such as the mechanic who generated the records, to authenticate them or lay a proper foundation for their admission. Consequently, the records would not have been admissible. Ind. Evidence Rule 901(a); Ind. Evidence Rule 803(6).

(1) the act charged as criminal was the result of an emergency and was done to prevent a significant harm;

(2) there was no adequate alternative to the commission of the act;

(3) the harm caused by the act was not disproportionate to the harm avoided;

(4) the Defendant had a good-faith belief that his/her act was necessary to prevent greater harm;

(5) the Defendant's belief was objectively reasonable under all the circumstances of the case; and

(6) the Defendant did not substantially contribute to the creation of the emergency.

*Hernandez v. State*, 45 N.E.3d 373, 377 (Ind. 2015) (citing *Toops v. State*, 643 N.E.2d 387, 390 (Ind. Ct. App. 1994)). The State sought to rebut this defense, in part, by showing that Davis is a college educated individual who is employed full-time as a real estate broker and has the means to repair his vehicle. Consequently, Davis should have known to maintain his vehicle in a safe operable condition and, short of that, should have known not to drive it when it was malfunctioning.

[21] We agree with Davis that the fact that he has a specialty license plate is not probative of the allegations against him; in other words, it is irrelevant. Any error in its admission, however, was harmless in light of the other evidence in

the record supporting the jury's finding. Davis admitted that he was driving forty-nine miles per hour in an area with a speed limit of thirty miles per hour. And even if we were to accept for argument's sake that his vehicle was overheating and needed to be driven at a high rate of speed to prevent the temperature from getting even higher, that does not support his defense of necessity. He could have called a tow truck to his residence. He could have pulled over to the side of the road. He could have asked for assistance following the traffic stop but he did not; he drove away. He did none of these things even though he had the education, experience, and financial means to know better and take smarter, safer actions. Under these circumstances, any error in the admission of evidence regarding his specialty license plate was harmless.

[22] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.